Pflegbr, J.
This proceeding is on appeal from the probate court to determine the priority of two liens — on one hand, a judgment or decree rendered by the old district court of this county in 1883, in favor of Ezra A. Hill, whose successors are the present claimants, and against Tabitha Meyers, then a married woman, and now deceased, and on the other hand, a mortgage executed by said Tabitha Meyers in 1895, in favor of J. C. Smith.
It is admitted that this judgment or decree in favor of Hill was based on a promissory note dated in 1880, executed in Indiana, and signed by Tabitha Meyers and her husband; that the original petition in the action was in the usual form for the recovery of a judgment on a promissory note, but that an amendment to the petition alleged that Tabitha Moyers was a married woman, that’she was then possessed of a separate estate of real and personal property under her sole control, on the faith of which the plaintiff extended the time of payment of the sum mentioned in the note and by the execution” thereof, and thereby intended, and she did charge her said separate estate with the payment thereof; that at the time of -the execution of said note, and while the plaintiff’s debt was existing, she held by gift from her husband a two-tenths interest in a- tract of land which is particularly described, consisting of 3.56 acres; and that the said Tabitha Meyers intended to and did charge her said interest in such land with the payment of the plaintiff’s note. Plaintiff prayed in addition to the prayer of his petition, that said indebtedness (then about $900) and interest be adjudged due him and that the separate property of said Tabitha Meyers be subjected to the payment of the same, and for all proper relief in the premises.
The answer, among other things, denied that she intended to charge 'her separate estate, and that the note was executed in *504 the state of Indiana, where it was claimed no contract of this sort could be made by her.
In a reply to this answer the plaintiff averred that by the laws of Indiana she was competent to make a contract and was entitled to a personal judgment against plaintiff, and then prayed as in his original petition.
A judgment or decree was rendered in favor of Iiill against Tabitha Meyers. She appealed to the district court, and upon a final hearing there a judgment or decree was again entered in favor of Hill and against Tabitha Meyers, finding among other things that Tabitha Meyers executed the obligation described, and intended and thereby did charge her separate estate, consisting of the premises described by the plaintiff with the payment of the amount of said Obligation, and that the plaintiff became by virtue thereof entitled to have the same subjected and applied to such payment. The court further found that there was due thereon the sum of ten hundred and eighty-three ($1,083.60) dollars and sixty cents, with eight per cent, interest, and therefore considered that the plaintiff recover judgment against the said Tabitha Meyers, charging the said premises with the payment of said sum and interest, and that she pay the same within thirty days, and in default thereof that the sheriff sell her separate estate so described as upon execution at law. This “judgment” was affirmed by the Supreme Court. See opinions in Hill v. Meyers, 9 Bull., 202; 9 Bull., 362; 15 Bull., 199, and 46 O. S., 183.
In the meantime, without the knowledge or consent of Hill, Tabitha Meyers entered into a partition of said tract of land, and she received as her divided portion and in fee a small tract, upon a portion of which her husband built a homestead. After the mandate was returned from the Supreme Court, Hill sought to enforce his judgment or decree by levy and sale, whereupon Tabitha Meyers claimed the right of homestead, and this was again contsted until it reached the Supreme Court, where it was determined, as appears in 46 O. S., 183, that she was entitled to such homestead upon the part so occupied as such. A portion of the separate tract in the rear of the residence was levied upon *505 and sold and brought only sufficient to liquidate a small part of the debt or judgment. Thereafter, and in 1895, Tabitha Meyers executed a mortgage upon this homestead to J. C. Smith, and the indebtedness which this mortgage was sought to secure is still unpaid and the mortgage uneanceled.
It is not denied by Hill that thereafter he did not issue execution every five years in accordance with the provisions of Section 5380 of the Revised Statutes governing judgments, but he insists that it is unnecessary for him so to do inasmuch as his claim was in the nature of a specific lien and charge upon this property and that this provision of the statute is not applicable to decrees for sale of specific 'property, and therefore his decree did not become dormant, similar to a judgment at law (Beaumont v. Herrick, 24 O. S., 446), but continued pending for the purpose of execution until an order of sale was executed or it was otherwise satisfied (Moore v. Ogden, 35 O. S., 430; Rankin v. Hannan, 27 O. S., 113), unless he was guilty of laches in permitting the same to remain inactive for a great length of time, to the prejudice of innocent parties who had acquired interests (Fox v. Reeder, 28 O. S., 181). It was determined in McComb v. Thompson, 42 O. S., 139, that when the rights of homestead are removed, liens on such property may be enforced by due process of law.
It is not claimed that there was such laches, but it is now contended by J. C. Smith that Hill has nothing but a judgment at law and that he failed to keep his judgment alive by having execution issued every five years as provided by statute, that the same is therefore dormant and that his mortgage is now the prior lien upon the property.
The material question at issue, therefore, is whether the order made by the district court in 1883 amounts only to a judgment at law, or a decree in equity specifically charging this particular property.
As the note was executed in 1880, before the act of 1884 removing all disabilities against married women, it must be governed by the law passed March 30, 1874, which provided that a, married woman could be sited alone upon her written obliga *506 tion and judgment rendered and enforced against her in ail respects as if she were unmarried, and in every such case her separate property and estate would be liable for any judgment so rendered against her. Prior to 1870 there was no personal liability, and no personal judgment could be rendered against a married woman. A number of cases involving the liabilities of married women under the act of .1874 have arisen and are reported.
In Avery v. Van Sickle, 35 O. S., 270, it was held that before a judgment can be taken against her under this act on her promissory note, it must appear that she had a separate estate to charge with its payment and that she -intended to charge it at the time she executed the note. The court in this case said that the statute expressly gave the right of a judgment at law in actions wherein she may be sued alone, and a prayer for such judgment in such action is therefore quite proper.
Tn Patrick v. Littell, 36 O. S., 79, it was held that it was not error to render a personal judgment against a married woman under this act. Prior to 1870 this could not be done, and only a decree entered reaching her separate estate. Under the act of 1874 the creditors were let in upon the whole estate, and where there were no equitable circumstances calling for the exercise of the chancery powers of the court, a personal judgment to be collected by execution would seem not only an appropriate remedy but would be clearly authorized by statute.
To'the same effect are Morgan v. Perhannus, 36 O. S., 517; Society of Friends v. Haines, 47 O. S., 423; Card Fabrique Co. v. Stanage, 50 O. S., 417.
In Wells on Separate Properly of Married Women, Section 619, it was said that the character and force of judgments against married women are no different in any sense from personal judgments against other parties, and have the same force and effect upon her property as personal judgments against other parties and enforced in the same manner. See, also, Section 624, citing a case in 61 N. Y.
Counsel for the mortgagee contends that in order to recover a personal judgment against a married woman under the act *507 of 1874, it is a necessary prerequisite that it be shown that she had a separate estate at the time the obligation was entered into and that she intended to charge the same with its payment. Counsel for Ilill do not deny that a personal judgment could have been rendered in this ease, and that even if it were conceded that nothing but a personal judgment should have been entered, the finding of the district court was more than a mere judgment at law; that it decreed that this debt was a specific charge upon the property described, and that the defendant was entitled to have the same subject to its payment, and that the court rendering the same being one of general jurisdiction having cognizance of the subject-matter and the parties, until reversed it was and remained res judicata, and when affirmed by the Supreme Court it became the law of the ease controlling all subsequent proceedings in this case in the Supreme Court as well as in the inferior courts.
It seemed to me that this position of counsel is invincible. The pleadings allege facts upon the basis of which the prayer for equitable relief was laid. The wording of the order is that of the usual decree in foreclosure. No language could have been stronger, and as counsel well says, it matters not what the facts may have been, this order is conclusive on the parties and others. There are, however, doubtful expressions made by the Supreme Court in the case of Hill v. Meyers, 46 O. S., 183. These holdings have, given me much concern. The logical result of working out a homestead in favor of Tabitha Meyers is to premise it upon a personal judgment only; for if it were a decree in equity enforcing a specific lien upon the property, she could not have a homestead therein. On page 191 Judge Diclnnan says:
“By executing the note or obligation Mrs. Meyers did not direct out of what it was to be paid or by what means it was to be paid; and it would not be correct according to legal principles to construe'a contract to pay into a contract to pay the debt out of a particular property so as to create a lien upon that property. She gave no mortgage, nor executed any other instrument which was equivalent to constituting a specific lien, nor did the contract made by her become a specific lien jipon her *508 separate estate. ’"s * ® If no personal judgment could have been awarded against her and enforced by execution, it might have been proper to invoke the remedy in equity of specifically subjecting her separate property. But under the statutory provisions herein considered, authorizing a personal judgment against a married woman, followed by execution, where the action concerns her separate estate, an effective remedy is afforded and a creditor should not by adopting a form of chancery proceeding tuhere he has no specific lien, be permitted to hold her separate estate to any greater extent or by a firmer grasp than he could under' like conditions hold the property of her husband or that of an unmarried woman.”
Again on page 193, referring to the force of the exemption statute:
“And where no specific lien upon her separate estate has been created, the force and effect of the statute can not be frustrated by setting out in the petition a description of specific separate property and rendering a decree that such property shall be applied to the payment of the wife’s obligations where she has asserted by use and occupation a right of homestead before the issue of an order of sale. To such a decree we do not attach the effect of a levy, nor can the wise and benevolent policy of the law be thus defeated. ’ ’
Plaintiff’s counsel cite a decision of the Supreme Court of the United States, Thompson v. Maxwell Land Grant Co., 168 U. S., 451, in which it is held that where a court has once decided a question the subject can not be re-examined on appeal or error and that the first decision has become the settled law of the case. The Supreme Court says:
“It is the settled law of this court, as of others, that whatever has been decided on one appeal or writ of error can not be reexamined on a second appeal or writ of error brought in the same suit. The first decision has become the settled law of the case. ’ ’
Also, Clark v. Keith, 106 U. S., 464; In re Sanford Fork & Tool Co., 160 U. S., 247, and Porter v. Wagner, 36 O. S., 471. This should be so, and how our Supreme Court could read into the record of the other case the fact that there was no evidence to ^how that Mrs. Meyers did not direct out of what this debt *509 should be paid and that the contract she made did not become a specific lien upon her separate property, is beyond my comprehension. As this was the construction placed upon this proceeding by our highest court, Í was at first inclined to follow the same. Upon re-reading the decision I have come to the conclusion that the Supreme Court did not intend to violate this well-settled rule of law, but strained the language of the decree for the purpose of ■ recognizing this right of homstead, first, because it is much favored, and secondly, in view of the fact that the statute of 1874 added the proviso to the right to recover against a married woman that she should be entitled, to the benefit of all exemption laws. In addition to this the syllabus is the law of the case and stamped the order of the circuit court not as a mere judgment at law, but as a decree specifically subjecting the property to the payment of the claim of the judgment creditor.
J. G. Smith, for mortgagee.
Stanley Matthews and Harper & Allen, for judgment creditors.
In view of this holding in favor of the homestead, and in the absence of laches, therefore, on the part of the judgment creditor, I am of the opinion that the order made by the district court in this case was and still is and has the force of a decree in chancery creating a specific charge upon this property; that it was, therefore, unnecessary to issue execution every five years as required by Section 5380, and that the lien remained upon the same, having been only in abeyance by reason of the existence of the homestead claim and became enforcible after the death of Tabitha Meyers.
A decree will be entered in favor of the assigns of Ezra Hill, finding the judgment to be the first lien upon the proceeds of sale and directing a distribution accordingly.