CHARLES VERE, demandante y apelante, *v.* FRANCISCO BIANCHI, JUAN BIANCHI, ROSARIO BIANCHI y su esposo MIGUEL ESTEVE, COMO SUCESORES DE BIANCHI Y CARLOS CABRERA Y CAYETANO COLL Y CUCHÍ, demandados y apelados.

No. 2977.—*Visto:* Abril 18, 1927. *Resuelto:* Mayo 10, 1927.

1. APELACIÓN Y ERROR—RESOLUCIÓN Y DISPOSICIÓN DEL CASO—MANDATO Y PROCEDIMIENTOS EN LA CORTE INFERIOR—PODERES DE ÉSTA—MODIFICACIÓN DE LA SENTENCIA APELADA.—Revocada por la Corte de Circuito sentencia que a su vez revocó la inferior condenando en costas, si bien el Supremo podría considerar y resolver la cuestión de eximir a la parte de ellas, sin embargo, cuando tal cuestión, al ser apelado el caso al Supremo fué abandonada por dicha parte no asignándolo como error, no debe oírsele ahora respecto a dicha cuestión.

2. APELACIÓN Y ERROR—RESOLUCIÓN Y DISPOSICIÓN DEL CASO—MANDATO Y PROCEDIMIENTOS EN LA CORTE INFERIOR—DEL MANDATO EN GENERAL—ENVÍO A LA CORTE INFERIOR—DEMORA EN EL ENVÍO.—Indicando el artículo 240, inciso 8, letra (*d*) de la Ley Jurisdiccional de febrero 13, 1925 la manera de suspender la ejecución de una sentencia, aunque la Corte Suprema tendría discreción para ello, sería dudoso si debería ejercitarla.

MOCIÓN sobre modificación de sentencia pronunciada por una corte inferior en cuanto a su pronunciamiento de gastos, desembolsos y honorarios de abogados, y para que se demore la devolución del mandato expedido por la Corte de Circuito de Boston a dicha Corte inferior. *No ha lugar.*

*Martín Travieso, José Sabater* y *C. Iriarte,* abogados del apelante; *Cayetano Coll Cuchí* y *G. Cruzado Silva,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1] Con fecha 2 de agosto de 1924, esta corte revocó la sentencia dictada por la Corte de Distrito de Mayagüez, la que falló a favor de los demandados, con las costas, desembolsos y honorarios de abogado.

Ahora bien, la sentencia de esta corte ha sido revocada por la Corte de Circuito de Apelaciones para el Primer Circuito, y el caso nos ha sido devuelto para ulteriores procedimientos no inconsistentes con la opinión de dicha Corte de Circuito de Apelaciones. El efecto de esta revocación es deshacer cualquier paso dado anteriormente por esta corte. El demandante Vere solicita que se le exima de las

costas a que lo condenó la Corte de Distrito de Mayagüez. Sostiene que no puede haber un alto grado de temeridad cuando tres de los jueces de esta corte, que constituyen una mayoría, resolvieron el caso a su favor. Por otra parte, se alega que la revocación de la Corte de Circuito de Apelaciones incluye cualquier cuestión que pudo haber sido resuelta por esta corte al revocar la sentencia de la Corte de Distrito de Mayagüez. Necesariamente, cuando fallamos a favor del demandante, no estuvimos considerando ni consideramos el derecho del demandante a que se le eximiera del pago de las costas, y la Corte de Circuito tampoco consideró tal cuestión.

En el caso de *Gandía* v. *Porto Rico Fertilizer,* 2 Fed. (2d.) 641, estaba envuelto un mandato de la Corte de Circuito de Apelaciones. En dicho caso, la sentencia dictada por esta corte desestimando el recurso de apelación, fué revocada y se devolvió el caso para ulteriores procedimientos no inconsistentes con la opinión de la corte de apelación, y se alegaba que esta corte no tenía derecho a considerar los méritos del caso. No interpretamos el mandato en esa forma—*Gandía* v. *Porto Rico Fertilizer,* 33 D.P.R. 153—y consideramos los méritos del caso. La Corte de Circuito de Apelaciones resolvió que nuestra interpretación a este respecto era correcta, pero revocó nuestra sentencia sobre los méritos del caso.

En el caso de *In re Sanford Ford, etc., Co.,* 160 U. S. 247, 259, la Corte Suprema de los Estados Unidos resolvió que una corte de circuito (la corte sentenciadora) podía considerar y resolver cualesquiera cuestiones no resueltas en la decisión de la Corte Suprema. La cuestión de costas pudo haber sido resuelta por esta corte si se hubiese levantado debidamente, y como no fué resuelta antes, no estamos impedidos de considerarla ahora por el hecho de la revocación. Podemos decir, según expresamos en el caso de *Gandía* v. *Porto Rico Fertilizer, supra,* que si la Corte de Circuito de Apelaciones hubiese decidido excluir la considera-

ción por nosotros de la cuestión de costas, la confirmación de la sentencia de la Corte de Distrito de Mayagüez hubiera llenado ese cometido.

El demandante Charles Vere ahora alega que al apelar de la sentencia de la Corte de Distrito de Mayagüez también apeló del pronunciamiento de costas, y hallamos que esto es cierto. Por otra parte, la cuestión de que se le eximiera del pago de las costas fué abandonada en su alegato. Ninguno de los señalamientos de error trata sobre este extremo, y no se discute la cuestión en ninguna parte del alegato presentado a esta corte. Resolvemos que habiendo el demandante renunciado su derecho en esta forma, no debe ahora oírsele con respecto a la cuestión de las costas. Dudamos que la posición del demandante deba ser mejorada después de haber transcurrido este período de tiempo.

[2] El demandante además solicita que se demore el envío del mandamiento de la Corte de Distrito de Mayagüez, en vista de haber presentado una solicitud de *certiorari* ante la Corte Suprema de los Estados Unidos para revisar la actuación de la Corte de Circuito de Apelaciones. La Ley Jurisdiccional de febrero 13 de 1925, dispone en su sección 240, inciso 8, letra (*d*), lo siguiente:

"En cualquier caso en que la sentencia o decreto final de cualquier corte esté sujeta a revisión por la Corte Suprema de los Estados Unidos mediante un recurso de *certiorari,* la ejecución y cumplimiento de tal sentencia o decreto pueden ser suspendidos por un tiempo razonable para permitir a la parte perjudicada que solicite y obtenga un auto de *certiorari* de la Corte Suprema. La suspensión puede ser concedida por uno de los jueces de la corte que dictó la sentencia o decreto o por un juez de la Corte Suprema, y puede tener como condición la prestación de una fianza buena y suficiente, la cual deberá ser aprobada por el juez, y la que responde de todos los daños y gastos que se le irroguen a la parte contraria con motivo de la suspensión, si el perjudicado dejare de presentar su solicitud de *certiorari* dentro del tiempo fijado por la ley, o dejare de obtener una orden declarando con lugar su solicitud o en caso de que su petición no prospere en la Corte Suprema."

Este parece ser un caso de *expressio unius est exclusio alterius,* y que no nos permite ejercer nuestra discreción, pero si tuviéramos alguna discreción no podríamos hacer uso de ella, ya que el demandante y peticionario no ha presentado hechos especiales que requieran el ejercicio de ella. De manera que habiendo llegado a la conclusión de que la sentencia de la Corte de Distrito de Mayagüez debe ser confirmada en todas sus partes, no vemos motivo alguno para dilatar por más tiempo el envío del mandato.

*La sentencia debe ser confirmada y enviarse el mandato inmediatamente.*

El Juez Presidente está conforme con la totalidad de la resolución pero, sólo con los fundamentos de la opinión que se refieren a la no dilación de la devolución del mandato.

El Juez Asociado Sr. Franco Soto no intervino.