## *In re* SANFORD FORK AND TOOL COMPANY, Petitioner.

### ORIGINAL.

No. 8. Original. Submitted December 2, 1895. — Decided December 23, 1895.

When a case has once been decided by this court on appeal, and remanded to the Circuit Court, that court must execute the decree of this court according to the mandate. If it does not, its action may be controlled, either by a new appeal, or by writ of mandamus; but it may consider and decide any matters left open by the mandate; and its decision of such matters can be reviewed by a new appeal only. The opinion delivered by this court, at the time of rendering its decree, may be consulted to ascertain what was intended by the mandate; and, either upon an application for a writ of mandamus, or upon a new appeal, it is for this court to construe its own mandate.

When the Circuit Court, at a hearing upon exceptions to an answer in equity, sustains the exceptions, and (the defendant electing to stand by his answer) enters a final decree for the plaintiff; and this court, upon appeal, orders that decree to be reversed, and the cause remanded for further proceedings not inconsistent with its opinion; the plaintiff is entitled to file a replication, and may be allowed by the Circuit Court to amend his bill.

This was a petition for a writ of mandamus to the Honorable William A. Woods, as Judge of the Circuit Court of the United States for the District of Indiana, to command him to enter, in a suit in equity pending before him, a final decree in favor of the present petitioners, defendants in that suit, in accordance with a mandate of this court upon reversing a decree of that court, on an appeal reported as *Sanford Fork & Tool Co.* v. *Howe, Brown & Co.*, 157 U. S. 312.

By the former opinion and mandate of this court, the petition for a mandamus, and the return to the rule to show cause, the case appeared to be as follows:

A bill in equity was filed in the Circuit Court of the United States for the District of Indiana, by creditors of the Sanford Fork and Tool Company, against that company and certain of its directors and stockholders, to set aside a mortgage made by the company to the other defendants to secure them for their indorsements of promissory notes of the company:

To that bill the defendants filed an answer under oath, insisting that the mortgage was valid; and the plaintiffs filed exceptions to the answer, upon the ground that the matters therein averred were insufficient to constitute a defence to the bill or to any part thereof, as well as upon the ground that the defendants had not duly answered specific allegations of the bill. The Circuit Court, held by Judge Woods, after hearing arguments upon those exceptions, sustained them; and the defendants declining to plead further, and electing to stand by their answer, the court, "having considered the pleadings, and being fully advised in the premises," entered a final decree, adjudging the mortgage to be void as against the plaintiffs, and granting them the relief prayed for.

The defendants appealed to this court, which, after hearing the appeal, delivered an opinion beginning thus: "In the absence of any testimony, and in the manner in which this case was submitted for decision, it must be assumed that the matters alleged in the bill and not denied in the answer, and the new matters set forth in the answer, are true. And the question which arises is, whether, upon these admitted facts, the decree in favor of the plaintiffs can be sustained." 157

U. S. 316. This court, for reasons stated in that opinion, held that the mortgage was valid, and, therefore, that the Circuit Court erred; and in the opinion, as well as by its mandate sent down to the Circuit Court, ordered the decree of that court to be "reversed, and the cause remanded to that court for further proceedings not inconsistent with the opinion of this court." The mandate concluded, in usual form, as follows: "You, therefore, are hereby commanded that such execution and further proceedings be had in said cause, in conformity with the opinion and decree of this court, as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding."

The defendants presented the mandate and a certified copy of the opinion of this court to the Circuit Court, held by Judge Woods; and moved for a final decree that the former decree of the Circuit Court be reversed; that the cause be held to have been submitted by the plaintiffs upon bill and answer; and that, upon the facts alleged in the bill and answer, the law is with the defendants, and the plaintiffs take nothing by their bill, and the defendants have judgment for their costs.

The Circuit Court overruled the motion of the defendants; and, on motion of the plaintiffs, granted leave to amend the bill; but stayed proceedings to enable the defendants to apply to this court for a writ of mandamus.

The petition to this court for a writ of mandamus alleged that the order of the Circuit Court, overruling the motion of the defendants for a final decree in their favor, and granting the motion of the plaintiffs for leave to amend their bill, was inconsistent with and in violation of the opinion, decree and mandate of this court; and prayed for a writ of mandamus to Judge Woods to grant the motion of the defendants, and to overrule the motion of the plaintiffs.

This court granted a rule to show cause, in the return to which Judge Woods stated that his action, complained of by the petitioners, arose upon his construction of the opinion and mandate of this court on reversing his former decree; and set forth his view of the matter as follows:

"Exceptions had been improperly sustained to the answer of defendants (petitioners). For this error, as respondent construes the opinion and mandate, the decree was reversed, and the cause remanded to the Circuit Court, with the usual directions for further proceedings there. Upon the return of the cause there, and after the erroneous decree had been set aside, but before other step was taken, petitioners moved for decree in their favor, on the ground that this court had treated the cause as having been submitted below on bill and answer, and that, this court having held the answer sufficient, it followed they were entitled to such decree. Respondent could not adopt that view, since it plainly was not what had occurred. There was no such submission of the cause below on bill and answer. Nor, in rendering the decree in favor of complainants, had respondent ' considered' the answer; but had, since sweeping exceptions had been sustained to it, treated it as out of the record, for any purpose of the decree — a fact plainly manifest in the record before this court on appeal. He could not, therefore, suppose that this court meant, in what is said upon this point, to hold more, or other, than that the answer was sufficient, and that he had erred in holding it insufficient.

" Respondent, therefore, having in view the rules of practice prescribed by this court for the government of the Circuit Court, held that since, if he had overruled the exceptions to the answer, complainants would have been entitled to file replication, as provided by Rule 66 in Equity, and, if they desired it, to have leave to amend their bill, under Rule 45, he did not, nor does, believe this court, in reversing the decree, meant to deprive complainants of these rights; but inferred rather, as the more reasonable and logical deduction, that, when the Circuit Court had retraced its steps to the point where the first error occurred, the parties would stand, in respect of the case, and of each other, as if, in the progress of the cause, it had but then arrived at that juncture. To hold, instead of this view, that complainants had, by their mistake in filing exceptions, or by the court's mistake in sustaining them, or by both things together, forfeited their right to have the cause proceed, when the errors had been corrected, in the

orderly manner indicated above, seemed and seems entirely illogical, and as, therefore, foreign to the purpose of this court. Respondent accordingly ruled that, when he retraced the steps held erroneous by this court, the cause should progress as if they had not been taken at all, and as if we were but now arrived at that point. To that end, he granted, when it was craved, leave to complainants to amend their bill, and would have entered the usual order against them to file replication on or before the next rule day, had not petitioners thereupon interposed their motion for stay of proceedings until this application could be heard here."

Judge Woods, in his return, declared himself ready, if his construction of the opinion and mandate should not accord with that of this court, to make and enter such order and decree, under its direction, as would carry out its opinion and mandate.

*Mr. Alpheus H. Snow* and *Mr. George A. Knight* for petitioners.

I. If this court, by its opinion, decree, and mandate had authorized any further proceedings after reversal except an entry of a decree by the court below in favor of the defendants on the bill and answer, it must necessarily have held that the Circuit Court had jurisdiction to receive and rule upon the so-called "exceptions to answer," which were, in fact, demurrers to the answer, and that it erred in its ruling on the so-called exceptions. The effect of the opinion, decree, and mandate, had such further proceedings been authorized, would have been to put this court in the position of having conferred jurisdiction upon the Circuit Courts of the United States to receive and rule upon a demurrer to a sworn answer in equity, and thus of having indirectly promulgated a new rule in equity setting aside the settled principle of equity practice which forbids that the sufficiency of an answer to constitute a defence to the bill should ever be tested.

This court, however, carefully guarded against such a result of its decision in this case by holding in its opinion that the

case had been decided and should be thereafter treated as if submitted on the bill and answer, and that the Circuit Court erred in its finding and decree on the facts stated in the bill and answer; and by issuing a mandate commanding the court below to proceed in conformity with the opinion and decree, plainly meaning to command the court below to set aside its decree in favor of the complainants on the bill and answer and to proceed to render a decree, in favor of the defendants on the bill and answer.

The writ of mandamus prayed for should issue to effectuate the plain language and purpose of the opinion, decree, and mandate.

It is evident that the decree of the court below is explicable on either one of two grounds, — that the court sustained the so-called "exceptions to answer" as a demurrer to the answer, and based its final decree on this interlocutory ruling and the refusal of defendants to plead farther; or that it treated the case as submitted for final decree on the bill and sworn answer by the election of the defendants to stand on their sworn answer and the acquiescence of the complainants therein. The decree is equally applicable to the previous recitals on either hypothesis, but the recital that the court "considered the pleadings" as the basis of its decree seems to point strongly to the conclusion that the court treated the case as submitted for final decree on the bill and answer, when it is remembered that the only "pleadings" which the court could have "considered" were the bill and answer, and that the answer was a sworn answer.

But the decree of the court below was not to be explained, when the cause came to this court on appeal, on the hypothesis that the court based its decree on an interlocutory ruling sustaining what was practically a demurrer to the answer, because this would be to assume that the court below had permitted an unauthorized pleading to be filed, and made a ruling upon such unauthorized pleading, and thus had done an act not merely erroneous, but beyond its jurisdiction.

Neither the general rules of equity practice nor the Rules in Equity established by this court for the guidance of the

Circuit Courts of the United States authorize any pleading whatever for the purpose of testing the sufficiency of an answer to constitute a defence to the bill. On the contrary, they describe clearly the proceedings subsequent to the answer which are authorized, and thus, by necessary implication, prohibit any other proceedings.

This court has held that the Circuit Courts of the United States have no authority or jurisdiction to receive on their files and rule upon a demurrer to an answer in equity, and that if a demurrer is filed, the case will be treated as if set down for hearing on bill and answer. *Banks* v. *Manchester*, 128 U. S. 244, 250.

II. Assuming (but by no means admitting) that the opinion, decree, and mandate of this court are open to a construction which would authorize the ruling of the respondent, as sole judge of the Circuit Court, counsel for petitioners cannot believe, as was claimed by counsel for the complainants in the Circuit Court, that this court intended that such construction should be placed upon them in order to relieve the complainants from the consequences of their mistake in filing their so-called " exceptions to answer," and in order to punish the defendants because they did not point out the mistake by filing a motion to strike the so-called " exceptions to answer " from the files. Had this court intended that any such construction should be placed upon the opinion, decree, and mandate, the effect of its decision would have been to hold that the parties by their agreement or acquiescence may set aside the settled rules of equity practice and confer jurisdiction on the Circuit Courts of the United States.

The complainants having had, by the action of the defendants in refusing to plead further, every benefit that they could have had, if they had elected to submit the case on bill and answer, there is no injustice done to them by holding them to the facts stated in the bill and answer; and the ruling of the respondent, as sole judge of the Circuit Court, opening up the case for a trial on the facts, is not to be upheld on the ground that it is necessary to prevent an injustice to complainants. If complainants had filed a general replication,

they could have had a trial on the facts. They elected not to do so, and filed an unauthorized pleading. There is no good reason why they should not take the consequences. It will not do to say that the defendants ought to have opened their eyes to the danger they were in, by filing a motion to strike out the unauthorized pleading, because such a statement, when sifted down, merely results in the conclusion, that if the parties agree, or do not disagree, that a demurrer may be filed to an answer in equity, this court will recognize such a pleading as one authorized by equity practice, and if it is of the opinion that the Circuit Court ruled erroneously on the demurrer, it will, by its mandate, direct the Circuit Court to proceed in the case in the same manner as the state court would proceed under like circumstances.

III. The rulings of the respondent, as judge, adverse to the petitioners, are not justified by the words of the mandate directing that "such execution and further proceedings be had in said cause, in conformity with the opinion and decree of this court as according to right and justice, and the laws of the United States, ought to be had." These words are not inconsistent with an entry by the Circuit Court of a final decree for the appellants. This court has held that a mandate framed in similar language may necessitate the entry of a final decree in favor of the appellants.

It was contended by counsel for complainants in the Circuit Court that the court was not justified in merely rendering a decree in favor of the defendants because the case was remanded for "further proceedings" in conformity with the opinion, and "according to right and justice and the laws of the United States," and the respondent, as judge, seemed to be influenced by this suggestion.

Exactly this argument has twice been made in this court, on a similar state of facts, and this court has held that the words of the mandate justified a final judgment. *Stewart* v. *Salamon*, 94 U. S. 434; *Gaines* v. *Rugg*, 148 U. S. 228.

IV. The method adopted by the petitioners to obtain a construction by this court of its mandate, of making an application for leave to file a petition for a writ of mandamus,

after notice, and of presenting therewith a verified petition to be filed, is authorized by the statutes of the United States and numerous decisions of this court. Such petition, upon leave being granted to file it, seems necessarily to be an advanced cause. If, however, a motion to advance the cause for hearing is necessary, the petitioners have complied with the require- ment by incorporating such motion in their application for leave to file.

That the method of proceeding adopted by the petitioners to obtain a construction of its mandate is proper, is shown by the sections of the Statutes of the United States, and the decisions of this court, cited below: Rev. St. §§ 688, 716. *Ex parte Dubuque & Pacific Railroad,* 1 Wall. 69; *In re Washington & Georgetown Railroad,* 140 U. S. 91; *Gaines* v. *Rugg,* 148 U. S. 228; *In re Humes, Petitioner,* 149 U. S. 192; *In re City Bank, Petitioner,* 153 U. S. 246.

*Mr. C. F. McNutt* and *Mr. S. B. Davis* opposing.

Mr. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

When a case has been once decided by this court on appeal, and remanded to the Circuit Court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The Circuit Court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded. *Sibbald* v. *United States,* 12 Pet. 488, 492; *Texas & Pacific Railway* v. *Anderson,* 149 U. S. 237. If the Circuit Court mistakes or misconstrues the decree of this court, and does not give full effect to the mandate, its action may be controlled, either upon a new appeal (if involving a sufficient amount) or by a writ of mandamus to execute the mandate of this court. *Perkins* v.

*Fourniquet,* 14 How. 313, 330; *In re Washington & George-
town Railroad,* 140 U. S. 91; *City Bank* v. *Hunter,* 152 U. S.
512; *City Bank, petitioner,* 153 U. S. 246. But the Circuit
Court may consider and decide any matters left open by the
mandate of this court; and its decision of such matters can
be reviewed by a new appeal only. *Hinckley* v. *Morton,* 103
U. S. 764; *Mason* v. *Pewabic Co.,* 153 U. S. 361; *Nashua &
Lowell Railroad* v. *Boston & Lowell Railroad,* 5 U. S. App.
97. The opinion delivered by this court, at the time of ren-
dering its decree, may be consulted to ascertain what was
intended by its mandate; and, either upon an application for
a writ of mandamus, or upon a new appeal, it is for this court
to construe its own mandate, and to act accordingly. *Sibbald*
v. *United States,* 12 Pet. 488, 493; *West* v. *Brashear,* 14 Pet.
51; *Supervisors* v. *Kennicott,* 94 U. S. 498; *Gaines* v. *Rugg,*
148 U. S. 228, 238, 244.

In the case now before us, it is important, in determining
what was heard and decided by the Circuit Court in the first
instance, and by this court upon the appeal, to bear in mind
the settled practice of courts of chancery, recognized and
regulated by the rules established by this court for the Cir-
cuit Courts sitting in equity. Rev. Stat. §§ 916–918.

Upon the coming in of the defendant's answer, several
courses are open to the plaintiff.

First. The plaintiff may, upon motion, without notice to the
defendant, have leave to amend his bill, with or without the pay-
ment of costs, as the court may direct. Equity Rules 29, 45.

Second. The plaintiff may file exceptions to the answer for
insufficiency. Equity Rule 61. If the defendant does not
submit to the exceptions, and file an amended answer, the
plaintiff may set down the exceptions for hearing. Equity
Rule 63. If the exceptions are thereupon allowed by the
court, the defendant must put in a full and complete answer;
otherwise the plaintiff may take the bill, so far as the matter
of the exceptions is concerned, as confessed. Equity Rule 64.

Third. If the answer is not excepted to, or if it is adjudged
or deemed sufficient, the plaintiff may file a general replica-
tion; whereupon the cause is to be deemed, to all intents and

purposes, at issue, without further pleading on either side. Equity Rule 66.

Fourth. A demurrer to the answer is unknown in equity practice. But the plaintiff may set down the case for hearing upon bill and answer; whereupon all the facts alleged in the bill and not denied in the answer, as well as all new facts alleged in the answer, are deemed admitted, as upon a demurrer to an answer in an action at law. Equity Rule 41, as amended at December Term, 1871, 13 Wall. xi; Equity Rule 60; *Leeds* v. *Marine Ins. Co.*, 2 Wheat. 380; *Reynolds* v. *Crawfordsville Bank*, 112 U. S. 405, 409; *Banks* v. *Manchester*, 128 U. S. 244, 250, 251.

For the purpose of the hearing upon exceptions to an answer, the facts alleged in the bill and in the answer must indeed be considered as admitted, and only matter of law is presented for decision, as in a case set down for hearing upon bill and answer. But the difference between the two cases is this: When a case in equity is set down for hearing on bill and answer, the whole case is presented for final decree in favor of either party. But when the matter set down for hearing is the plaintiff's exceptions to the answer, the case is not ripe for a final decree; the only question to be decided is the sufficiency of the answer; and no final decree can be entered against either party, unless it declines or omits to plead further.

In the present case, the plaintiffs, upon the coming in of the answer, neither moved for leave to amend the bill, nor filed a replication, nor set down the case for hearing upon bill and answer.

But they filed exceptions to the answer; and those exceptions only were set down for hearing, and were heard and passed upon by the court. While some of the exceptions were directed, as is usual, to the want of due answer to specific allegations of the bill, others of the exceptions related to the sufficiency of the whole answer to constitute any defence. Its sufficiency in the latter respect might properly have been questioned by setting down the case for hearing upon bill and answer. But neither for this nor for any other reason, was

any objection made to the exceptions as irregular or improper in form.

The Circuit Court, upon sustaining the exceptions, could not (unless the defendants chose to stand by their answer) enter a final decree against the defendants ; or do anything more than order them to put in a full and complete answer, on pain of being held to have confessed the bill.   If the Circuit Court, instead of sustaining the exceptions to the answer, had over-ruled those exceptions, the plaintiffs would have had the right to file a replication, and the bill could not be dismissed unless and until they neglected to file one.

When the decree of the Circuit Court, sustaining the plaintiffs' exceptions to the answer, and (because the defendants declined to plead further) granting to the plaintiffs the relief prayed for in the bill, was reversed by this court, the only matter which was or could be decided by this court, upon the record before it, was that the answer was sufficient.   This court, in so deciding, could go no further than the Circuit Court could have done, had it made the like decision.   Neither the Circuit Court, nor this court, upon adjudging that the answer was sufficient, could, without any consent or neglect on the part of the plaintiffs, deprive them of their right, under the general rules in equity, to file a replication.

Nor did this court undertake, either by its opinion or by its mandate, to preclude the plaintiffs from filing a replication. On the contrary, at the outset of the opinion, after observing that, in the manner in which the case was submitted for decision, the facts alleged in the bill and not denied in the answer, and the new facts alleged in the answer, must be assumed to be true, the question arising upon those admitted facts was stated to be " whether the decree in favor of the plaintiffs can be sustained ; " and, while the opinion declared that, assuming those facts, the mortgage was valid, yet both the opinion and the mandate ordered no final judgment for the defendant, but only ordered the judgment for the plaintiff to be reversed, and the cause remanded to the Circuit Court for further proceedings not inconsistent with the opinion of this court.

The case being thus left open, by the opinion and mandate of this court, and by the general rules of practice in equity, for further proceedings, with a right in the plaintiffs to file a replication, putting the cause at issue, the Circuit Court might, in its discretion, allow amendments of the pleadings for the purpose of more fully or clearly presenting the facts at issue between the parties. *Marine Ins. Co.* v. *Hodgson,* 6 Cranch, 206, 218; *Neale* v. *Neales,* 9 Wall. 1; *Hardin* v. *Boyd,* 113 U. S. 756.

The case is quite different, in this respect, from those in which the whole case, or all but a subsidiary question of accounting, had been brought to and decided by this court upon the appeal, as in the cases principally relied on by the petitioner. *Stewart* v. *Salamon,* 94 U. S. 434, and 97 U. S. 361; *Gaines* v. *Rugg,* 148 U. S. 228; *Ex Parte Dubuque & Pacific Railroad,* 1 Wall. 69; *In re Washington & Georgetown Railroad,* 140 U. S. 91.

It must be remembered, however, that no question, once considered and decided by this court, can be reëxamined at any subsequent stage of the same case. *Clark* v. *Keith,* 106 U. S. 464; *Sibbald* v. *United States,* and *Texas & Pacific Railway* v. *Anderson,* cited at the beginning of this opinion.

*Writ of mandamus denied.*