[Civil No. 874.    Filed November 18, 1905.]

[83 Pac. 356.]

MOSES H. SHERMAN et al., Defendants and Appellants, v. JOHN M. WARD, Plaintiff and Appellee.

1. APPEAL AND ERROR—DECISION ON FORMER APPEAL—STARE DECISIS.— Upon a retrial of a case after reversal by the supreme court of the United States, every question of fact or of law arising upon the record which may have been decided therein is *stare decisis*.

2. CONTRACT — ACTION FOR DAMAGES — EVIDENCE — INSUFFICIENCY. — Where suit is brought by a mortgagee for damages for breach of a contract obligating defendant to account for mortgaged cattle which were sold to third persons, and plaintiff proves that cattle were disposed of, but does not prove the number nor their value, there is no evidence to support a judgment for damages.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Reversed.

The facts are stated in the opinion.

C. F. Ainsworth, for Appellants.

Joseph H. Kibbey, for Appellee.

SLOAN, J.—On November 28, 1894, the appellee, John M. Ward, brought suit against the appellant, Moses H. Sherman, and one David Hardenberg, to recover the sum of fifteen hundred dollars upon a certain promissory note in writing for the sum of twelve thousand five hundred dollars, executed by said Hardenberg, and the payment of which was guaranteed on the back thereof by appellant. The defendant Hardenberg was not served with process. The appellant, Sherman, was served, and on the sixteenth day of May, 1899, filed his answer and counterclaim, in which he admitted the making of the note and the indorsement on the back thereof guaranteeing the payment, and further set forth that the note sued upon was given as a part of the purchase price, and was secured by a mortgage on the Sunflower Cattle Ranch, in Maricopa County, together with a large number of cattle thereon, tools, etc.; that Hardenberg, the principal on the note, had failed and neglected to pay any part of the same, and had failed to pay certain other notes given by said Hardenberg to said Ward in payment of said property; that on or about the first day of October, 1894, the Sherman-Hardenberg Cattle Company, then and there the successor in interest of said Hardenberg, entered into a certain contract in writing with said Ward, wherein it was agreed that, upon the turning over by Hardenberg to Ward of all the property purchased and mortgaged, as aforesaid, remaining on hand, the latter would cancel the mortgage thereon, and return the note sued upon, as well as the other notes remaining unpaid, and relieve the said Sherman-Hardenberg Cattle Company and said Hardenberg and Sherman from any and all responsibility in connection with the same; that, in pursuance of said agreement, the said property was turned over to Ward, who took possession thereof, and refused to cancel the mortgage or return the notes; that said Ward remained in possession of said property, and disposed of cattle and other portions of the same for large amounts, more than sufficient to pay off

all the notes so guaranteed by Sherman, and the expenses
of such sales and the management of said ranch and cattle.
An accounting by Ward was prayed for, as well as a money
judgment for the balance which might be found upon said
accounting to remain of the money realized from said sales
over and above the costs and expenses of the management
of the ranch and of such sales. Upon the issues so raised,
a trial was had in the district court, and judgment rendered
in favor of Sherman and against Ward upon the counter-
claim. In support of this judgment, the trial court found
that the agreement set forth in the answer and counterclaim
was executed by the parties named therein; that, in pursuance
of the same, the Sherman-Hardenberg Cattle Company, on
or about October 1, 1894, turned over to Ward all the prop-
erty it then possessed, but that Ward failed and refused to
carry out his part of the contract, in that he did not sur-
render or cancel the notes or satisfy or discharge the mort-
gage, but, on the contrary, brought suit on one of said notes
for the collection of a sum that he claimed to be due thereon.
From these facts the trial court held that Ward was a mort-
gagee in possession, and that Sherman was entitled to the
accounting prayed for in his answer, and upon said account-
ing entered judgment in favor of Sherman and against Ward
for $17,173.50, and decreed the cancellation of the notes and
mortgage. From this judgment an appeal was taken to this
court, which affirmed the same, upon the ground that the
assignment of errors was insufficient. An appeal was taken
from the judgment of this court to the supreme court of the
United States, which reversed the judgment of this court,
and remanded the cause, with instructions to us to reverse the
judgment of the district court, and remand the cause to that
court for further proceedings in conformity to the view ex-
pressed in the opinion. *Ward* v. *Sherman,* 192 U. S. 168,
24 Sup. Ct. 227, 48 L. Ed. 391. In accordance with the man-
date of the supreme court, the cause was remanded by us to
the district court, where a new trial was had, and judgment
was rendered in favor of Ward and against Sherman upon
the promissory note sued upon and set forth in the complaint
in the sum of fifteen hundred dollars, together with interest
thereon and costs. From this judgment, appellant appeals.

Before considering the assignments of error raised by the

appellant, it is proper that we consider the opinion of the supreme court of the United States reversing the judgment rendered upon the first trial of the action, for the reason that every question of fact or of law arising upon the record which may have been decided therein is *stare decisis,* and not open to review in this or any subsequent proceeding, and our sole duty is to give effect to the judgment of the supreme court, and to carry out its mandate. *In re Sanford Fork and Tool Co.,* 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414; *Murphy* v. *Utter,* 186 U. S. 95, 22 Sup. Ct. 776, 46 L. Ed. 1070. In the opinion the supreme court unqualifiedly holds that there was no rescission of the contract set forth in the answer of the appellant, either by reason of Ward's failure to surrender the notes or cancel the mortgage, or by reason of his bringing suit upon one of the former; and that, therefore, Ward is not to be considered as a mortgagee in possession, and that Sherman does not have the standing of a redemptioner, and has no right to an accounting of the proceeds of the ranch and other property, or of the conduct of the business by Ward. The practical effect of this holding appears to us to be that full effect must be given to the agreement, and that, if not fully executed, it is still binding upon the parties. The supreme court found as a fact that the agreement had been fully executed by Ward, but that the Sherman-Hardenberg Cattle Company had failed and defaulted in the performance of its duty under the terms of the contract, in that certain cattle were not delivered to Ward, but had been sold to other parties prior to the turning over of the ranch to Ward, and after the first day of September, 1894; that this was a violation of the terms of the contract, in that in one clause thereof it was agreed that the company should account to Ward for all stock cattle which it might dispose of to third parties subsequent to September 1, 1904. The court further found that Ward's failure to surrender and cancel the notes and mortgage was excused through the failure of the company to account for the cattle it sold and not delivered by it under the contract.

Bearing upon the question as to whether the bringing of this suit by Ward on one of the notes was a repudiation by him of the agreement, the court used this language: "But it is said that Ward himself repudiated the agreement because

he brought suit on the first of the notes. There may have been a technical mistake in the form of the action, but there was no repudiation of the agreement, as is shown by the fact that the complaint only asked judgment for $1,500, and that Ward filed with the complaint an affidavit for an attachment, in which he averred that the payment of the sum due was 'not secured by any mortgage or lien upon any real or personal property, or any pledge of personal property.' But equity will not destroy rights on account of a mere technical mistake of counsel. It may be conceded that Ward should have brought an action in form for the value of the cattle not delivered, but it is manifest that that value was all that he was seeking to recover." This language of the opinion has given us, as manifestly also the trial court, some difficulty in ascertaining its full purport. Logically, it seems to us that if Ward should have brought an action in form for the value of the cattle not delivered, that he ought not to be permitted to recover upon a complaint setting forth a cause of action based upon a promissory note. We are not, however, concerned with the logic of the opinion, but with its intent and purport, as indicating the duty of the trial court and of this court in giving effect to what was decided. The declaration that bringing the action in the form of a suit upon the note is but a "technical mistake," which ought not to be permitted to destroy rights, and the further declaration that ˚it is manifest from the record that the plaintiff was seeking to recover the value of the cattle not delivered, would indicate that in the judgment of the supreme court the suit should be regarded, not as one to recover upon a promissory note, but one for damages for a breach of the clause in the contract obligating the company to account for the cattle which it did not deliver to Ward, but which it sold to third parties subsequent to September 1, 1894. This is the construction we are forced to put upon the opinion, and it is from this viewpoint that we will consider the record upon this appeal.

The principal assignment of error made by the appellant is, in substance, that the evidence does not support the judgment. Upon the trial the plaintiff introduced in evidence the note sued upon, and, being called as a witness, testified that he did not consider the note put in evidence had been paid, but that fifteen hundred dollars of it remained unpaid.

On cross-examination he identified the contract referred to in the answer of appellant, and stated that all the property mentioned in the contract had been delivered to him, except certain cattle sold to one Bouvier and one Dr. Jones by Hardenberg after September 1, 1894; that he did not deliver up the notes for cancellation on account of information which he received from his son that Hardenberg had been selling cattle, and that he arranged with C. F. Ainsworth, the attorney for Sherman, to keep the notes until the cattle sold by Hardenberg had been accounted for. H. C. Ward, a son of appellee, also testified, corroborating the testimony of appellee relating to the circumstances connected with the retention of the notes. Upon the introduction of this evidence and testimony, plaintiff rested. C. F. Ainsworth then testified in behalf of appellant, and contradicted in essential particulars the testimony previously given by Ward, whereupon the defendant rested. While there is thus evidence tending to show that there were certain cattle disposed of by Hardenberg after the first day of September, 1894, and before the turning over of the ranch and cattle to Ward, there is no proof as to the number of these, nor is there any proof as to their value. Unless, therefore, the suit can be regarded as one brought for the balance due upon a promissory note (and under the opinion of the supreme court we cannot so regard it), there is a failure of proof to sustain the judgment, and it must therefore be reversed and the cause remanded for a new trial.

DOAN, J., and CAMPBELL, J., concur.