### McGRATH, Atty. Gen., Successor to Alien Property Custodian, v. E. J. LAVINO & CO.

#### No. M–1192.

United States District Court
E. D. Pennsylvania.
July 13, 1950.

---

Gerald A. Gleeson, U. S. Atty., and James P. McCormick, Asst. U. S. Atty., of Philadelphia, Pa., and Robert B. McKay, of Washington, D. C., for plaintiff.

Rawle & Henderson, of·Philadelphia, Pa., for defendant.

BARD, District Judge.

This case is now before me on the Attorney General's request for an assessment of interest.

A petition for an order to show cause was filed on January 24, 1947, by the Honorable Tom C. Clark, Attorney General, as successor to the Alien Property Custodian,[1] against E. J. Lavino and Company to enforce a Turnover Directive issued on October 15, 1946 by the Alien Property Custodian.

Judgment was entered on June 30, 1947 for the Attorney General for $25,000 with interest from September 5, 1946. Clark v. E. J. Lavino & Co., D.C., 72 F.Supp. 497. Thereafter, upon Lavino's motion, I vacated that judgment, and, after a rehearing on the sole question of interest, entered judgment on March 8, 1948 for the Attorney General for $25,000, and omitted any award of interest.

The Attorney General appealed this failure to award interest. On June 1, 1949 the Court of Appeals for the Third Circuit reversed my ruling, and awarded an unspecified rate of interest on the $25,000 from the date of the Turnover Directive

---

1. The term "Attorney General" is used to refer either to the Alien Property Custodian or to the Attorney General who succeeded to the powers and duties of the Alien Property Custodian under Executive Order No. 9788, effective October 15, 1946, 50 U.S.C.A.Appendix, § 6 note 1 C.F.R.1946 Supp. 169.

to the date of the judgment in the District Court. Clark v. E. J. Lavino & Co., 175 F.2d 897. Lavino's motion for clarification as to the rate of interest was denied on August 8, 1949.

No further appeal has been taken, and the time for any appeal has since expired. It is upon this state of the record that the Attorney General requests an assessment of interest at the rate of 6% from October 15, 1946 to March 7, 1948, inclusive.

At approximately the same time that this Lavino case was being heard in the Courts of the Third Circuit, the Manufacturers Trust Company was involved in similar litigation in the Second Circuit. That Circuit, through the pen of Judge Swan, ruled that interest should not be awarded from the date of the Turnover Directive. Clark v. Manufacturers Trust Co., 169 F. 2d 932.

Because of the conflict that arose between the Second and Third Circuits, certiorari was subsequently granted in the Manufacturers Trust Co. case. On November 7, 1949 the Supreme Court affirmed the Second Circuit decision and ruled that the Attorney General is not entitled to interest at 6% or any other rate from the date of the Turnover Directive to the date of judgment, unless interest had been due the enemy alien and the Attorney General had claimed such interest. McGrath v. Manufacturers Trust Co., 338 U.S. 241, 70 S.Ct. 4.

It is on the basis of the Supreme Court's ruling in the Manufacturers Trust Company case that Lavino is now contesting the assessment of any interest.

I am fully aware of the doctrine which provides that the final decision in one case will not be changed as a result of what may be decided in a subsequent case. E. g., Chicot County Drainage District v. Baxter State Bank et al., 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329. Likewise, I realize that a lower court cannot flaunt or disregard the mandate of its appellate court. E.g., In re Sanford Fork and Tool Company, 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414.

But the mandate sent down to this Court by the Court of Appeals for the Third Circuit does not fix the rate of interest to be awarded. Instead, the Court, speaking through Chief Judge Biggs, said, "We cannot agree with the contention of the Custodian that the law of Pennsylvania has any application here. We are adjudicating a federal question arising under an Act of Congress, and, *in the absence of an applicable federal statute, it is for the federal court to award, according to its own criteria, appropriate damages expressed in terms of interest.*" (Emphasis added). Clark v. E. J. Lavino & Co., 175 F.2d at page 900.

Thus, the rate of interest to be awarded in this case is to be determined according to the criteria of this Court. The establishment of such criteria, it seems to me, lies within the sound discretion of the trial judge, based upon existing legal standards.

Accordingly, I find that the interest rate to be awarded the Attorney General is that rate established by the Supreme Court in the Manufacturers Trust Company case—viz., no interest unless such had been due the enemy alien and the Attorney General had claimed it.

There is nothing to indicate whether interest was due the enemy alien. Furthermore, no claim to any such interest has been made by the Attorney General.

Therefore, the Attorney General is not entitled to an award of interest, and none is assessed for the period prior to the date of judgment in this case.