**J. R. BUTLER**

v.

**Garvis I. BAZEMORE, C. T. Ruffin and Goodwyn H. Harris, Jr.**

**Harmon WHITTINGTON et al.**

v.

**Garvis I. BAZEMORE et al.**

**Civ. A. Nos. 4948, 6617.**

United States District Court
W. D. Louisiana,
Shreveport Division.
March 12, 1964.

Circuit, came on regularly for trial, and the Court, having heard the evidence and considered the stipulation of the parties, the briefs, and the oral arguments, finds the facts and states its conclusions of law as follows:

## FINDINGS OF FACT

1.

This case has ben remanded to this Court by the United States Court of Appeals for the Fifth Circuit by decision and decree of that Court rendered May 9, 1962, 303 F.2d 188. The primary facts involved in this litigation are set forth in that decision. In its said decision herein, the Fifth Circuit Court of Appeals, acting *en banc*, overruled its holding in Bazemore v. Whittington, 5 Cir. 1957, 245 F.2d 943, and held that the oil, gas and mineral lease ownership which is here in dispute, was owned by the plaintiffs in Bazemore v. Whittington, and remanded the case with instructions that this Court notify all the parties, determine if there has been any change of position by the parties in reliance upon Bazemore v. Whittington, and determine the present status of the one-half mineral interest in a manner not inconsistent with its opinion.

2.

Subject to determination of whether or not there has been any change of position by the parties in reliance upon Bazemore v. Whittington, the ownership of the oil, gas and mineral lease interest which is here in dispute, has been determined by the decision of the United States Court of Appeals for the Fifth Circuit herein and the primary facts of the case are, therefore, no longer at issue before this Court.

3.

Upon remand of the case to this Court, and notification of all parties thereof, W. Paul Edman, Charles F. Reed, and A. B. Dow, three of the plaintiff-appellee parties in Bazemore v. Whittington, intervened herein showing that they had not disposed of their respective interests in the oil, gas and mineral lease here

W. M. Phillips, and Marlin Risinger, Jr., Phillips, Risinger & Kennedy, Shreveport, La., for plaintiffs.

Gordon B. Golsan, Jr., Howard E. Spann, Craig, Magee & Spann, Mansfield, La., for defendants.

BEN C. DAWKINS, Jr., Chief Judge.

This case, on remand from the United States Court of Appeals for the Fifth

involved and had not changed their position in reliance upon Bazemore v. Whittington. J. R. Butler & Company, also intervened showing that it was the assignee from Harmon Whittington, also one of the plaintiff-appellee parties in Bazemore v. Whittington, prior to the decision in Bazemore v. Whittington, and showed that it had not changed its position in reliance upon Bazemore v. Whittington, and Harmon Whittington, himself, who had assigned his interest in said lease prior to the decision in Bazemore v. Whittington, also intervened herein showing that he had not changed his position in reliance upon Bazemore v. Whittington. J. R. Butler, the plaintiff herein, taking cognizance of the decision of the Fifth Circuit Court of Appeals herein, has appeared declaring that he has not suffered any prejudice or made any change of position in reliance upon Bazemore v. Whittington, and consenting that the title to the lease interest be now decreed and adjudged to be vested in W. Paul Edman, Charles F. Reed, A. B. Dow, plaintiff-appellee parties in Bazemore v. Whittington, and in J. R. Butler & Company, as assignee of Harmon Whittington, the remaining plaintiff-appellee party in Bazemore v. Whittington. Under the holding of the Fifth Circuit Court of Appeals herein, plaintiff and intervenors assert title to the oil, gas and mineral lease interest in the following proportions:

| | |
|---|---|
| J. R. Butler & Company | .656250 |
| W. Paul Edman | .110926 |
| Charles F. Reed | .120231 |
| A. B. Dow | .112593 |
| Total | 1.000000. |

4.

Defendants have answered the interventions praying that they be dismissed on the ground of *Res Judicata*. In the alternative, defendants assert a change of position by defendants' attorneys with regard to their agreements with their clients, the defendants, for a contingent interest in the disputed oil, gas and mineral lease interest, and by E. P. Griffin, Jr., who was not a party to Bazemore v. Whittington, and is not a party to this suit, but is asserted to be an assignee of defendant Goodwyn H. Harris prior to the decision in Bazemore v. Whittington under unrecorded instrument of assignment.

5.

The agreement to transfer interests to defendants' attorneys, and any agreement to transfer interest to E. P. Griffin, Jr., were effected prior to the decision in Bazemore v. Whittington, and necessarily, not in reliance upon that decision.

6.

At the trial of the case, defendants' counsel stated that none of the transfers of interest so asserted by defendants were made in reliance upon Bazemore v. Whittington, but were executed in conformity with the decision in that case.

7.

After trial, plaintiff and intervenors jointly moved to reopen Whittington v. Bazemore; to consolidate that case with this present case; and, under the decision of the Fifth Circuit Court of Appeals herein and Rule 60(b) (6) of the Federal Rules of Civil Procedure, to vacate the judgment of the Fifth Circuit Court of Appeals in Bazemore v. Whittington. Under the decision herein by the United States Court of Appeals for the Fifth Circuit, this motion was granted and it was ordered accordingly.

8.

The only factual issue posed is whether or not there has been any change of position by the parties in reliance upon Bazemore v. Whittington. The interventions filed herein, and the declaration of J. R. Butler, the plaintiff herein, establish that there has been no change of position in reliance upon Bazemore v. Whittington by the parties who were parties plaintiff-appellee in Bazemore v. Whittington or their assigns. The parties who were parties defendant-appellant in Bazemore v. Whittington have not

shown any evidence whatsoever that they have made any change of position in reliance upon Bazemore v. Whittington. Counsel for defendant, and also counsel for defendants as parties defendant-appellant in Bazemore v. Whittington, have not intervened herein and are not parties litigant either to this suit or to Bazemore v. Whittington, and, therefore, such counsel are not within the scope of the remand instructions of the United States Court of Appeals for the Fifth Circuit herein. Likewise, E. P. Griffin, Jr., who is asserted as holding an unrecorded interest under defendant Goodwyn H. Harris prior to the decision in Bazemore v. Whittington, and who has not intervened herein, is not a party litigant either to this suit or to Bazemore v. Whittington and is not within the scope of the remand instructions of the United States Court of Appeals for the Fifth Circuit. Even if considered parties within the scope of such remand instructions, counsel for defendants has declared that none of the transfers of interest to such counsel, or to E. P. Griffin, Jr., as asserted by defendants, were made in reliance upon Bazemore v. Whittington, but were executed in conformity with the decision in that case.

9.

After notification to all parties, it is found and determined that there has been no change of position by any parties whatsoever in reliance upon Bazemore v. Whittington.

## CONCLUSIONS OF LAW

1.

The Court has jurisdiction of the parties and the subject matter involved in this action. 28 U.S.C.A. § 1332.

2.

The intervention of W. Paul Edman, Charles F. Reed, A. B. Dow, J. R. Butler & Company, and Harmon F. Whittington, is allowed.

3.

■ The decision of the United States Court of Appeals for the Fifth Circuit herein (303 F.2d 188), constitutes the law of this case, and must be carried into execution according to the mandate of the United States Court of Appeals for the Fifth Circuit. In Re Sanford Fork & Tool Co., (1895) 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414.

4.

Having notified all parties, all of whom have appeared herein, (Reference Finding of Fact No. 3 above herein) and having determined that there has been no change of position by any parties in reliance upon Bazemore v. Whittington (supra), (Reference Finding of Fact No. 9 above herein), the title to the oil, gas and mineral lease here involved must as a matter of law under the decision of the United States Court of Appeals for the Fifth Circuit herein, be decreed to be vested in the intervenor parties.

5.

Defendants' plea of *Res Judicata* against intervenors must be overruled because this Court cannot sustain that plea and execute the mandate of the United States Court of Appeals for the Fifth Circuit herein (Reference Conclusion of Law No. 3 above herein).

6.

■ Further, the defendants' plea of *Res Judicata* against intervenors herein is overruled because it is based upon the holding of the United States Court of Appeals for the Fifth Circuit in Bazemore v. Whittington, (supra), which holding has been expressly overruled by the *en banc* decision of that Court in this case.

7.

The decision of the United States Court of Appeals for the Fifth Circuit herein and its mandate of remand, is interpreted as authorizing and directing that the decision of the United States Court of Appeals for the Fifth Circuit in Bazemore v. Whittington be formally vacated, and, accordingly, all parties in interest being before the Court, on motion made by plaintiff and intervenors,

that case has been consolidated with this case and, under Rule 60(b) (6) of the Federal Rules of Civil Procedure, the decree of the United States Court of Appeals for the Fifth Circuit in Bazemore v. Whittington, (supra), has been vacated. It will not, therefore, support defendants' plea of *Res Judicata*.

8.

Defendants' plea of *Res Judicata* to the intervention of W. Paul Edman, Charles F. Reed, A. B. Dow, and J. R. Butler & Company is overruled.

A proper decree should be presented.