**Joseph PASTORE, Plaintiff-Appellant,**

v.

**STRUCTURE GUARD INC.,**
**Defendant-Appellee,**

and

**Florida Power and Light Company,**
**Defendant-Appellee.**

No. 02-1381.

United States Court of Appeals,
Federal Circuit.

Feb. 5, 2003.

Before NEWMAN, GAJARSA, and LINN, Circuit Judges.

LINN, Circuit Judge.

Joseph Pastore appeals from the district court's imposition of sanctions under 35 U.S.C. § 285, following a remand from this court. We *vacate* and *remand.*

Pastore is the named inventor of U.S. Patent Nos. 4,846,966 ("the first patent" or "the '966 patent") and 5,922,195 ("the second patent" or "the '195 patent"). Pastore filed suit against both defendants alleging infringement. Following the dismissal of the '195 patent claims, the district court found the case "exceptional" under § 285 based on two infractions:

1. Mr. Pastore, inventor of the patents at issue in this case, in January 1999 filed suit (through counsel) for patent infringement against these defendants in his own name as plaintiff. On June 1, 1999 he assigned the patent then in suit to a separate entity (HOH Systems), but did not advise the defendant or his lawyer. The assignment was revealed during a deposition on August 20, 1999. The district court on October 13, 1999 granted permission to HOH to be substituted as the party in interest. This patent continued to be litigated.

2. On July 21, 1999 Mr. Pastore sought leave to amend the complaint to include a recently issued second patent. However, he had on June 1, 1999 assigned the second patent to the same HOH Systems. The district court on October 13, 1999 dismissed the second patent from suit, with permission to HOH to seek

leave to refile the claim. This patent was no longer litigated.

On the defendants' motion, the district court then assessed against Mr. Pastore all of the attorneys' fees and expenses that had been incurred by both defendants, from June 1, 1999 - the day Pastore assigned the patents to HOH Systems - to August 20, 1999, plus subsequent expenses concerning the dismissal. The court stated that Mr. Pastore had committed a fraud on the defendants and the court, and caused unnecessary expense.

A panel of this court affirmed-in-part and reversed-in-part the sanction, specifically holding that

[A] sanction under § 285 was unwarranted as to the first patent, as the court authorized the change of parties without dismissal. The substitution of the assignee for the inventor does not represent prevailing on the merits of the claim. We conclude that the district court erred in its application of 35 U.S.C. § 285 as to the first patent. The award of fees as to this patent is reversed.

The court affirmed the award of attorney fees attributable to the dismissal of the second patent and instructed the district court to "administer the allocation of the fee award, assessing against Mr. Pastore those fees attributable to the second patent and its dismissal from suit."

On remand, attorneys for both parties re-submitted their billing records and sought attorneys' fees from approximately July 20, 1999 - the day Pastore amended the complaint - through the dismissal of the '195 patent. A magistrate judge reviewed the billing records and found them to "include only fees for services that were necessary for ... defense of the '195 claim." The district court adopted the magistrate's report and recommendation in its entirety. We hold that the district court abused its discretion and failed to follow the instruc-

tions of our mandate. See Molins PLC v. Textron, 48 F.3d 1172, 1186, 33 USPQ2d 1823, 1833 (Fed.Cir.1995) (factual underpinnings of whether a case is exceptional are reviewed for clear error while the reasonableness of the amount is reviewed for an abuse of discretion); In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414 (1895) (noting that a district court must follow the instructions of an appellate mandate).

With only two exceptions, the billing records submitted to the district court on remand are identical to the billing records submitted in the first instance. First, the lawyers for all parties properly omitted all bills for services performed between June 1, 1999, and July 18, 1999. Until approximately July 20, 1999, Pastore had not asserted infringement of the '195 patent. Thus, consistent with this court's instructions, fees incurred before that time could only be attributable to the '966 patent. The second and only other difference between the originally submitted billing records and the billing records submitted on remand were made by the attorneys for Structure Guard. Counsel for Structure Guard changed the description, but not the time record, for thirteen of its twenty-one billing entries to include a reference to the '195 patent. For example, one description for four hours of legal services was changed in part from "Preparation for deposition of Joseph Pastore" to "Preparation for deposition of Joseph Pastore regarding claims for the '195 patent." Thus, for the relevant period from July 20, 1999, through the dismissal of the '195 patent from the suit, the amount of defendants' fee request following remand was the same as it was prior to our reversal of the sanction award relating to the '966 patent.

Pastore objected to the magistrate's findings, arguing that the defendants failed to eliminate fees attributable to the '966 patent incurred between July 20,

1999, and the dismissal of the '195 patent. He argued in general terms that certain depositions and other fee generating activity were attributable at least in part to the '966 patent. We agree.

As we affirmed in the first appeal, the defendants are entitled to fees incurred in defending the '195 patent claims. Those fees began from the time Pastore asserted the '195 patent through the time the '195 patent claims were dismissed. The deposition transcripts clearly show that not every minute between July 20, 1999 and October 1999 was spent on the '195 patent claim. Far from it. As just one example, attorneys for Florida Power and Light billed more than twenty hours to prepare for and to defend the depositions of employees Jon Priolo and Ralph Cholewinski. A review of the transcripts of those depositions indicates that the witnesses testified about issues of willful infringement surrounding the purchase of trash racks in 1998. Both witnesses also testified about allegations made by Pastore in August 1998 that the trash racks infringed a Pastore patent. Because the '195 patent did not issue until July 1999, that testimony likely related only to the '966 patent. Thus, the twenty-plus hours of attorney billing, which seemingly were not at all attributable to the '195 patent, should have been substantially reduced or omitted from the fee request following the last remand. The district court abused its discretion by not differentiating the fees attributable to each patent.

The parties on both sides of this unnecessarily protracted matter are expected to better assist the district court in allocating the fees between the '195 and '966 patents. On remand, the defendants shall segregate each time entry consistent with our previous remand order. To the extent Pastore disagrees with any of the defendants' allocations, he shall specifically identify the time entry in question and the record supporting his objection rather than making generalized complaints. The district court has discretion to decide which fees are attributable solely to the '195 patent, which fees are attributable solely to the '966 patent, and which fees are attributable to a combination of the two. Fees attributable to both patents should be prorated at the district court's discretion.

## COSTS

Costs are awarded to Pastore.