MEMORANDUM**
Appellant George Mac Vogelei filed for bankruptcy in the United States Bankruptcy Court for the Northern District of California, and the Estate of Centennial Communications, Inc. (“Estate”), filed a *7 complaint to recover a debt owed to it by Vogelei. The bankruptcy court held that Vogelei’s debt to the Estate was non-dis-chargeable in bankruptcy. Vogelei appealed the judgment to a panel of this court, arguing that the Estate was not the proper legal representative of Centennial Communications, Inc., and therefore the district court had no subject matter jurisdiction under the Bankruptcy Code. A panel of this court issued an order remanding the case and directing the bankruptcy court to establish in the record whether there was in fact a duly appointed legal representative of the Estate, and substitute and amend its judgment if necessary.
On remand, the bankruptcy court found that there was a duly appointed legal representative of the Estate. It substituted and amended its judgment, naming Russell E. Vigil as the proper party, in accordance with this court’s order. Vogelei now appeals, arguing that the failure of the Estate to bring suit in the name of the duly appointed legal representative left the bankruptcy court without subject matter jurisdiction.
We find that the issue of subject matter jurisdiction was before the prior Ninth Circuit panel, and that the prior panel resolved the jurisdictional issue. Because Vogelei’s present claim was properly resolved by a prior panel, the law of the case doctrine applies. See In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414 (1895) (“When a case has been once decided by this court on appeal, and remanded ... whatever was before this court, and disposed of by its decree, is considered as finally settled.”).
Under the law of the case doctrine, the bankruptcy court was required to adhere to the judgment of the prior panel. The prior panel issued an order directing the bankruptcy court to name the duly appointed legal representative of the Estate, then substitute the proper party and amend its judgment, if necessary. The bankruptcy court found that Vigil was the duly appointed legal representative of the Estate, and properly named Vigil in its amended judgment.
Because the jurisdictional issue was before a prior panel and the bankruptcy court and district court correctly carried out the remand order of the prior panel, the decision of the district court is AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.