MEMORANDUM ***
Appellant Jose Enrique Alberni has filed an application for an interlocutory appeal from the district court’s order certifying the following question to the Nevada Supreme Court: “Should prejudice be presumed under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), when a defendant’s lawyer’s cross-examination is adversely affected due to the lawyer’s prior representation of that witness?” We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1292(b).
I
In our prior opinion, this court vacated the district court’s denial of Alberni’s application for a writ of habeas corpus pursuant to § 2254(a) based on its determination that his Sixth Amendment right to conflict-free representation was not violated by his trial counsel’s cross-examination of a prosecution witness who had been a former client of Alberni’s counsel. Alberni v. McDaniel, 458 F.3d 860, 874 (9th Cir. 2006). We directed the district court to conduct an evidentiary hearing to determine whether “some effect on counsel’s handling of particular aspects of the trial was likely” due to the potential conflict. Id. at 874. In its mandate, this court also stated that, “[s]hould the district court conclude that an actual conflict of interest existed, Mr. Alberni need not show prejudice.” Id.
II
Upon remand, the district court held an evidentiary hearing. It found that Alberni’s attorney’s “performance at Petitioner’s trial was adversely affected by [his] prior representation of [his former client].” Alberni v. McDaniel, No. 3:01-CV-00725 (LRH-RAM), 2007 WL 4591786, at *3, 2007 U.S. Dist. LEXIS 95732, at *12 (D.Nev. Dec. 27, 2007). Thus, there was a conflict of interest. The district court also opined that this court erroneously conclud *588 eel that prejudice need not be presumed because of its “deference to the Nevada Supreme Court’s dicta.” Id. at *4, 2007 U.S. Dist. LEXIS 95732, at *11. In footnote 4 of its order, the district court stated: “This court will consider the Nevada Supreme Court’s response to this question as controlling precedent.” Id. at *4, 2007 U.S. Dist. LEXIS 95732, at *12 n. 4. The district court granted Alberni leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).
Ill
Alberni asks this court to vacate the district court’s certification to the Nevada Supreme Court the question whether under Strickland prejudice should be presumed where the record shows that trial counsel had an actual conflict of interest because he had previously represented a witness for the prosecution. Alberni contends that the district court violated the rule of mandate in failing to enter an order granting his application for a writ of habeas corpus upon finding that his counsel had an actual conflict of interest.
This court has previously held in United States v. Garcia-Beltran, 443 F.3d 1126 (9th Cir.2006), cert. denied, 549 U.S. 935, 127 S.Ct. 319, 166 L.Ed.2d 239 (2006), that “[t]he rule of mandate requires a lower court to act on the mandate of an appellate court, without variance or examination, only execution.” Id. at 1130. The rule of mandate doctrine provides as follows:
When a case has been once decided by this court on appeal, and remanded to the [district court], whatever was before this court, and disposed of by its decree, is considered as finally settled. The [district court] is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.... But the [district court] may consider and decide any matters left open by the mandate of this court....
United States v. Thrasher, 483 F.3d 977, 981-982 (9th Cir.2007) (citing In re Sanford Fork & Tool Co., 160 U.S. 247, 255-56, 16 S.Ct. 291, 40 L.Ed. 414 (1895)). In United States v. Houser, 804 F.2d 565 (9th Cir.1986), this court held
A trial court may not, however, reconsider a question decided by an appellate court. When matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court. Upon remand, an issue decided by an appellate court may not be reconsidered.
Id. at 567 (internal citations omitted).
IV
The district court violated the rule of mandate in holding that “[t]his court will consider the Nevada Supreme Court’s response to this question as controlling precedent.” Under the law of mandate, this court’s decision is the controlling precedent regarding the question whether a petitioner who demonstrates that his counsel had an actual conflict of interest at his trial is entitled to a writ of habeas corpus without a showing of prejudice.
Accordingly, we VACATE the district court’s order certifying the question whether prejudice must be shown under these circumstances to the Nevada Supreme Court. Appellant’s request that we instruct the district court to grant his application for a writ of habeas corpus and vacate his conviction is DENIED without prejudice. This court’s jurisdiction in this *589 interlocutory appeal is limited to the question whether the district court erred in certifying the question whether prejudice must be shown under these circumstances to the Nevada Supreme Court.
VACATED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.