[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13201

_____

SEANA BARNETT,

                        Plaintiff-Appellee,

*versus*

SARA MACARTHUR,
individually, et al.,

                        Defendants,

SHERIFF, SEMINOLE COUNTY FLORIDA,

                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:15-cv-00469-GKS-DCI

_____

Before WILSON, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

This Section 1983 case is before us for the third time. In *Barnett v. MacArthur* ("*Barnett II*"), 956 F.3d 1291, 1293 (11th Cir. 2020), *cert. denied sub nom. Lemma v. Barnett*, 141 S. Ct. 1373 (2021), we affirmed the judgment and the district court's denial of Barnett's motion for a new trial, but we reversed the district court's grant of summary judgment as to Count II of the Amended Complaint—Barnett's unconstitutional detention claim against the Sheriff. *Id.* at 1303. We held that if, after a warrantless DUI arrest based on probable cause, "the officers seek and obtain information which shows beyond a reasonable doubt that the arrestee is not intoxicated—in other words, that probable cause to detain no longer exists—the Fourth Amendment requires that the arrestee be released." *Id.* at 1299. And we further concluded that "Barnett's detention claim against the Sheriff must be decided by a jury." *Id.* This Court in *Barnett II* then "reverse[d] the district court's grant of summary judgment on Barnett's Fourth Amendment detention claim against Sheriff under *Monell* and remand[ed] for a trial on that claim." *Id.* at 1303.

On remand, Barnett moved again for summary judgment on the remaining claim. The Sheriff opposed the motion both on the merits and as contrary to this Court's mandate. The district court granted summary judgment in favor of Barnett on the remaining claim. *Barnett v. MacArthur*, 548 F. Supp. 3d 1203, 1212 (M.D. Fla. 2021). The district court characterized Barnett's motion as requiring the "[i]nterpretation of a statute" and a "facial challenge" to the Sheriff's hold policy. *Id.* at 1208, 1209–10. The district court then concluded that the hold policy was facially unconstitutional because "it requires that every DUI arrestee be detained for eight hours without exception even after objective breathalyzer evidence establishes beyond a reasonable doubt that the arrestee is not intoxicated and probable cause no longer exists to continue the detention." *Id.* at 1211. The district court then permanently enjoined the Seminole County Sheriff's Office from enforcing its hold policy. *Id.* at 1212.

The Sheriff moved for relief from the district court order, arguing that they had not received notice of, or the opportunity to respond to, a potential injunction and that there were questions of fact remaining about whether the evidence showed that probable cause to detain Barnett had dissipated beyond a reasonable doubt. The district court denied the Sheriff's motion to reconsider, and this appeal ensued.

After careful consideration and with the benefit of oral argument, we reverse both the entry of summary judgment and the entry of the permanent injunction.[1]

## I.

We first address the Sheriff's argument that the district court violated this Court's mandate by entering a summary judgment on Count II in favor of Barnett following remand for a jury trial on the remaining claim.  "We review *de novo* the district court's interpretation and application of this Court's mandate in a previous appeal."  *Winn-Dixie Stores, Inc., v Dolgencorp, LLC*, 881 F.3d 835, 843 (11th Cir. 2018) (alteration adopted).

The Sheriff argues that the district court's grant of summary judgment below was foreclosed by this Court's mandate in *Barnett II* where we "reverse[d] the district court's grant of summary judgment on Ms. Barnett's Fourth Amendment detention claim . . . *and remand[ed] for a trial on that claim*."  *Barnett II*, 956 F.3d at 1303 (emphasis added).

"The law of our circuit concerning the obligations of a district court to follow our mandates is settled."  *Litman v Mass. Mut. Life Ins. Co.*, 825 F.2d 1506,1511 (11th Cir. 1987) (en banc) (collecting cases).  "A district court when acting under an appellate court's

---

[1] Because the district court entered a permanent injunction, we have jurisdiction to entertain this appeal as the permanent injunction and summary judgment orders are inextricably intertwined.  *See Smith v. LePage*, 834 F.3d 1285, 1292 (11th Cir. 2016); *see also* 28 U.S.C. § 1292(a)(1).

mandate cannot vary it or examine it for any other purpose than execution or give any other or further relief." *Id.* at 1510–11 (internal citations omitted).

The mandate rule holds that "[w]hen a case has been once decided" on appeal and remanded to an inferior court, that inferior court:

> must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.

*In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895).

The mandate in *Barnett II* was clear. We expressly held that "[o]n this record, Ms. Barnett's detention claim against the Sheriff must be decided by a jury." *Barnett II*, 956 F.3d at 1299. And we remanded the case back to the district court for "a trial on that claim." *Id.* at 1303. Notwithstanding our mandate, upon remand, Barnett filed another motion for summary judgment with the district court, arguing that no reasonable jury could find that the Sheriff did not violate her Fourth Amendment rights by detaining her. Barnett further argued that the district court was only required to hold a trial on the damages aspect of the claim. As the Sheriff correctly argued to the district court, this was in direct contravention to the mandate.

"A trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Piambino v Bailey*, 757 F.2d 1112, 1120 (11th Cir. 1985). Because the district court was not free to ignore this Court's mandate and reexamine the issue, we reverse and once again remand for a jury trial on Count II of Barnett's Amended Complaint.

## II.

We now turn to the Sheriff's second argument that the district court erred by entering a permanent injunction without notice. Due process requires, at a minimum, notice and an opportunity to be heard. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950). Notice is adequate where it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314 (citing *Milliken v. Meyer*, 311 U.S. 457 (1940)). This requirement is "flexible" and will vary depending on what "the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

The Sheriff argues that he lacked notice that he could be subjected to a permanent injunction because Barnett never sought a preliminary or permanent injunction in any of her pleadings before the district court. We agree and thus hold that the district court erred by entering a permanent injunction *sua sponte* in this case without providing the Sheriff notice and an opportunity to be

heard on whether a permanent injunction should issue. Additionally, as Barnett never moved for a permanent injunction, the four-factor test for granting a permanent injunction was neither addressed nor analyzed by the district court. *See, e.g.*, *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010). An injunction should issue, however, only after the court determines that the traditional four-factor test is satisfied. *Id.* at 157. Here, that determination was not made.

### III.

For the reasons stated, we reverse and vacate the district court's entry of summary judgment for Barnett and remand for a jury trial on Count II of Barnett's Amended Complaint. We also reverse and vacate the district court's order issuing a permanent injunction.

**REVERSED and REMANDED for a jury trial on Count II of Barnett's Amended Complaint; REVERSE and VACATE permanent injunction.**