UNITED STATES of America, Appellee,

v.

Anthony JACOBS, Defendant–Appellant,

Thomas Mickens, George Jenkins, Shelby Kearney, Norvell Young, Bettina Jacobs Celifie, Defendants.

No. 623, Docket 91–1477.

United States Court of Appeals,
Second Circuit.

Argued Dec. 18, 1991.

Decided Jan. 23, 1992.

Georgia J. Hinde, New York City (Vivian Shevitz, of counsel), for defendant-appellant.

Kirby A. Heller, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Susan Corkery, Asst. U.S. Atty., E.D.N.Y., of counsel), for appellee.

Before MESKILL, KEARSE and ALTIMARI,* Circuit Judges.

---

* Following oral argument, Judge Timbers recused himself and was replaced by Judge Altimari.

## PER CURIAM:

This is an appeal from a judgment of conviction entered on a plea of guilty in the United States District Court for the Eastern District of New York, Platt, C.J. Defendant-appellant Jacobs conspired to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, possessed with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and conspired to obstruct the lawful function of the Internal Revenue Service in violation of 18 U.S.C. § 371.

On remand for resentencing, the district court sentenced defendant-appellant to 235 months imprisonment and five years supervised release and ordered him to pay a special assessment of $200. Jacobs argues that this sentence is impermissibly harsh and results from the district court's failure to follow our earlier decision in this case. We agree.

We vacate the sentence imposed by the district court and remand for resentencing consistent with this opinion.

## BACKGROUND

Between 1984 and 1988, Thomas Mickens directed a lucrative cocaine distribution network headquartered in Queens, New York.[1] At Mickens' trial, law enforcement officers testified about numerous undercover purchases from Mickens' underlings, including Anthony Jacobs, a reputed "lieutenant" in Mickens' organization. Jacobs, during the course of two sales, personally sold undercover officer Austin Fields slightly less than one ounce of cocaine.

In addition to direct evidence of narcotics activity, the prosecution presented evidence of Mickens' lavish spending. This included the purchase of over $500,000 worth of automobiles and $700,000 worth of property.

The district court initially sentenced Jacobs to 327 months imprisonment, a five year term of supervised release and a special assessment of $200. In his initial ap-

---

1. The details of the conspiracy are set forth more fully in *United States v. Mickens,* 926 F.2d 1323, 1325–27 (2d Cir.1991).

peal to us, Jacobs argued that, in calculating his United States Sentencing Guidelines (Guidelines) level, the district court had improperly attributed to him the entire quantity of narcotics for which Mickens was held responsible.

In our review of Jacobs' sentence, we approved of the district court's two-step method of computing Jacobs' offense level. *See United States v. Mickens*, 926 F.2d 1323, 1331–32 (2d Cir.1991) (*Mickens I*). The district court first had approximated the amount of cocaine distributed by the conspiracy and then attributed the full amount distributed by the conspiracy to Jacobs. Based on the amount of money that Mickens had spent during the duration of the conspiracy, the district court approximated that Mickens' organization had dealt over fifty kilograms of cocaine. It then concluded that Jacobs' Guidelines range should be premised on this quantity. After reviewing the appropriate Guidelines provisions, we concluded that both steps of the district court's application of the Guidelines were procedurally proper. *Id.* at 1332 (" 'Where ... the amount [of drugs] seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance.' ") (citation omitted).

We stressed, however, that this two-step process could not be applied in any given case absent evidence of a logical relationship among the defendant, the money and the narcotics. *Id.* In *Mickens I*, we expressed our belief that the Guidelines had been misapplied in Jacobs' case. To be precise, we concluded—after reviewing the record—that insufficient evidence existed to connect Jacobs to the quantity of narcotics that the court had extrapolated from Mickens' unreported income. *Id.* As a result, we held that Jacobs' sentence could not be based on the fifty kilogram approximation on which the district court had relied. *Id.* We also held that it was improper for the district court to have ascribed "managerial" status to Jacobs without a hearing. Accordingly, we remanded to the district court for resentencing. *Id.* at 1333.

On remand, the district court correctly interpreted our opinion as approving of its procedure for applying the Guidelines in narcotics conspiracy cases. Instead of applying our decision that Jacobs could not be held responsible for the sale of fifty kilograms of cocaine, however, the district court explained the rationale and facts on which Jacobs' initial sentence was based. Consequently, after deducting the portion of Jacobs' sentence reflecting the upward adjustment for "managerial status," the district court sentenced Jacobs to 235 months imprisonment and five years supervised release and ordered him to pay a special assessment of $200. It is from this sentence, which again attributes to Jacobs the entire quantity of narcotics that the Mickens conspiracy is approximated to have peddled, that this appeal lies.

## DISCUSSION

■ The lower court must adhere to the decision of a higher court even where it disagrees or finds error in it. *See In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895) ("That court cannot vary ... or examine [the higher court's decision] ... even for apparent error.") (citations omitted); *Soto–Lopez v. New York City Civil Service Comm'n*, 840 F.2d 162, 167 (2d Cir. 1988) (The law-of-the-case "doctrine imposes a duty on a lower court to follow a ruling made by the reviewing court at an earlier stage of a case, and ... the lower court has no discretion to disregard that duty.") (citations omitted).

■ Our opinion in *Mickens I* clearly stated our belief that "attribution [to Jacobs] of the full approximated amount of cocaine distributed by the Mickens conspiracy was improper." 926 F.2d at 1332. At resentencing, the district court did not consider new evidence but instead set forth those factors that it believed supported Jacobs' original sentence. All of those factors were before the panel of this Court that first heard this case and we will not now reconsider them.

■ To clear up any confusion that still remains, we reiterate that on the record as it stood in *Mickens I* and as it stands today,

Jacobs should not have been held accountable for the sale of cocaine other than that which he personally sold—namely less than one ounce. On the remand we order today, if reliable new evidence is presented to establish what portion of Mickens' unreported income came from the narcotics conspiracy of which Jacobs was a member, Jacobs may be sentenced on the basis of the quantity extrapolated from that income, as long as that quantity was reasonably known by or foreseeable to him. *See, e.g., United States v. Miranda–Ortiz,* 926 F.2d 172, 177–78 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 347, 116 L.Ed.2d 287 (1991); *United States v. Candito,* 892 F.2d 182, 185–86 (2d Cir.1989).

▪ Jacobs makes two requests concerning his resentencing. First, he asks us to determine his sentence *de novo.* Because we believe this to be more properly within the province of the district court, we decline.

Jacobs also solicits us to remand his resentencing to a different district judge. Whether to remand a case to a new district judge is a fact specific determination that we believe to be "an 'extraordinary remedy ... [to] be reserved for the extraordinary case.'" *Sobel v. Yeshiva University,* 839 F.2d 18, 37 (2d Cir.1988) (citation omitted), *cert. denied,* 490 U.S. 1105, 109 S.Ct. 3154, 104 L.Ed.2d 1018 (1989).

We believe that it would be inappropriate to remand to a new judge on the facts of this case. Chief Judge Platt has not demonstrated any bias against Jacobs and is familiar with the voluminous record. We are confident that Chief Judge Platt will sentence Jacobs fairly. Moreover, it would be a poor use of judicial resources to require another district judge to take on the resentencing task.

Accordingly, we vacate the sentence of the district court and remand to Chief Judge Platt with instructions to proceed in accordance with this opinion.