Ime Archibong ETUK, Jana Khalifa, Nuris Santana, Pedro Julio Henriquez, Franklyn Thomas Dunbar, on behalf of themselves and all others similarly situated, Plaintiffs–Appellees,

v.

William S. SLATTERY, District Director of the New York District Office of the Immigration and Naturalization Service, Gene McNary, Commissioner of the Immigration and Naturalization Service, William P. Barr, Attorney General of the United States, and the Immigration and Naturalization Service, Defendants–Appellants.

No. 1527, Docket 92–6040.

United States Court of Appeals, Second Circuit.

Submitted April 7, 1992.

Decided Aug. 4, 1992.

---

Andrew J. Maloney, U.S. Atty., E.D.N.Y., Robert L. Beglieter, Deborah B. Zwany, Varuni Nelson, Asst. U.S. Attys., Scott Dunn, Sp. Asst. United States Atty., E.D.N.Y., Brooklyn, N.Y., on the brief, for defendants-appellants.

Kathleen A. Masters, Attorney-in-Charge, Park Place Trial Office, Constance P. Carden, Margaret H. McDowell, Manuel D. Vargas, Jane E. Booth, Director of Litigation, Civ. Appeals and Law Reform Unit, The Legal Aid Soc., New York City, for plaintiffs-appellees.

Before: MESKILL, Chief Judge, MINER and ALTIMARI, Circuit Judges.

## PER CURIAM:

This is an appeal from a judgment of the United States District Court for the Eastern District of New York, Nickerson, *J.* In order to provide a lawful permanent resident alien (LPR) with replacement alien registration, the Immigration and Naturalization Service (INS) sometimes marks an I-94 Arrival Record (Arrival Record) with a stamp declaring the LPR's status and employment authorization. The district court held that such documents, unlike similarly stamped passports, which the INS also uses as replacement registration, were inadequate proof of status and employment authorization. In a subsequently issued order, the district court effectively enjoined the defendants from issuing Temporary I-551s created by using Arrival Records.

We reverse.

## BACKGROUND

This class action, which has been before us previously, *see Etuk v. Slattery,* 936 F.2d 1433 (2d Cir.1991) (*Etuk I*), involves claims by LPRs that certain INS policies are contrary to law. Because the background to this case has been set forth fully, *see id.* at 1436–39, we assume familiarity and address the history of this case only to the extent necessary to explain our holding today.

Plaintiff class brought this action in 1989. It challenged, *inter alia,* the INS's procedure for dealing with LPRs whose green cards had been lost or stolen. Under the INS practices that were the subject of that claim, LPRs who applied for a replacement green card received one of three forms of temporary documentation, each of which utilized the INS's "Temporary I-551" stamp, which declares a LPR's status and employment authorization. *See id.* at 1445. The stamp was placed on either (1) an applicant's unexpired foreign passport, (2) the front of an INS "Form I-94 Departure Record," or (3) the front of an INS "Form I-94 Arrival Record."

The district court addressed the plaintiffs' contentions and concluded in part that federal law imposed a duty on the INS to provide LPRs with adequate temporary documentation that would reflect their LPR status and their unrestricted authorization to work in the United States. *See Etuk v. Blackman,* 748 F.Supp. 990, 999 (E.D.N.Y.1990). It also held that "[a] suitable temporary substitute must ... contain no information that casts doubt on the bearer's status as a lawful permanent resident." *Id.* at 999.

The district court "expressed no doubt as to the sufficiency of the stamp when it is placed in a valid passport." 936 F.2d at 1445. However, the Temporary I–551 made with the Departure Record was held insufficient as a temporary substitute because of the following language that its reverse side contains:

**Warning** A nonimmigrant who accepts unauthorized employment is subject to deportation.

. . . .

You are authorized to stay in the U.S. only until the date written on this form. To remain past this date, without permission from immigration authorities, is a violation of the law.

The district court concluded that this language suggested a lack of LPR status and only temporary authorization of employment status. 748 F.Supp. at 998–99. Without comment, the district court, in an order issued after its published opinion, also invalidated as temporary proof of LPR status and work authorization the document created by this stamping of the Arrival Record.

In *Etuk I,* we agreed with the district court's reading of the INS's duty to provide temporary documentation to LPRs and its conclusions concerning the use of the stamped passport and the Departure Record to create those documents. However, because we could "find no basis in the district court's November 27, 1990 opinion or in its subsequent Order for [its] conclusion" that the document created with the Arrival Record was infirm, we reviewed that issue. 936 F.2d at 1446.

Examining the Temporary I–551 made with the Arrival Record, we concluded that it "does not suffer from the same infirmity as the 'Departure Record,'" *id.,* because "the 'Arrival Record' has no misleading information printed on its reverse side." *Id.* In fact, we stressed that "in our view, the 'Arrival Record' possesses the same attributes as a passport stamped with the 'Temporary I–551' legend." *Id.* Reversing and remanding, we stated that the district court either could "confirm our suspicion that a clerical mistake was made or explain in detail the basis for its decision." *Id.* at 1447.

On remand, the district court did not explain the genesis of its initial ruling on the Temporary I–551 created by using the Arrival Record. However, it did set forth its belief that the Arrival Record is an inadequate document out of which to create a temporary alien registration. The district court felt that the Temporary I–551 thus created was inadequate as a matter of law principally because of two of the Arrival Record's features: it contains blank spaces where one may fill in, among other things, "country where you live" and "address while in the United States," and it "is a cardboard, tear-off portion of INS I–94 arrival/departure record . . . [that] is readily obtainable and reproducible by the public." The district court's rationale was that these features might make employers wonder about a potential employee's status. Accordingly, in a subsequently issued order, the district court enjoined the defendants from using as temporary registration a document that contains blank spaces and is "easily obtainable by the public." This order effectively foreclosed use of the Arrival Record to create Temporary I–551s.

Subsequently, we granted a stay pending appeal and ordered that the appeal be considered by the same panel that rendered our decision in *Etuk I.* 28 U.S.C. § 1292 grants us jurisdiction to review the district court's injunction.

## DISCUSSION

The appellants argue alternatively that (1) we have already held that the Temporary I–551 created by using an Arrival Record is adequate proof of status and employment authorization to conform with federal law, and (2) the Temporary I–551 created by using an I–94 Arrival Record complies with both federal law and our previous decisions in this case.

A lower court must adhere to the decision of a higher court even when it disagrees or finds it erroneous. *United States v. Jacobs,* 955 F.2d 7, 9 (2d Cir.1992); *see generally In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40

L.Ed. 414 (1895) (Lower court cannot vary or examine a higher court's decision "even for apparent error.") (citations omitted); *Soto–Lopez v. New York City Civil Service Comm'n*, 840 F.2d 162, 167 (2d Cir. 1988) (The "lower court [must] follow a ruling made by the reviewing court at an earlier stage of a case, and ... the lower court has no discretion to disregard that duty.") (citations omitted).

*Etuk I* indicated our belief that the Temporary I–551 created by using an Arrival Record was a legally sufficient document. 936 F.2d at 1446. However, by stating that on remand the "district court either can confirm our suspicion that a clerical mistake was made or explain in detail the basis for its decision," *id.* at 1447, we left open the possibility that we might be persuaded to reconsider our position. We conclude therefore that although the district court failed to pay heed to our reasoning, it did not violate its duty to follow our mandate. With that said, we turn to the matter at hand.

■ As we pointed out in *Etuk I*, the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, the Immigration Reform and Control Act of 1986, Pub.L. No. 99–603, 1986 U.S.Code Cong. & Admin.News (100 Stat.) 3359 (codified at various sections throughout Title 8 of the United States Code) and the regulations adopted thereunder impose a duty on the INS to provide LPRs with adequate temporary documentation that reflects their LPR status and their unrestricted authorization to work in the United States. 936 F.2d at 1445. Plaintiffs argue that the document at issue is misleading and therefore does not pass muster under this test. We disagree.

The Temporary I–551 created by using an I–94 Arrival Record clearly declares that the bearer is a LPR. It contains an INS seal and is stamped twice, in a special security ink, with the following legends:
PROCESSED FOR I–551.
TEMPORARY EVIDENCE OF
LAWFUL ADMISSION FOR
PERMANENT RESIDENCE
VALID UNTIL ＿＿＿.
EMPLOYMENT AUTHORIZED

TEMPORARY FORM I–551
DO NOT LIFT

Moreover, the Temporary I–551 is created by placing a photograph over the left-hand top corner of the document, thereby obliterating the admission number and reference to the document as an Arrival Record. Finally, as the defendants stress, the I–551 has been identified to businesses and other organizations as proof of lawful permanent resident status in the Code of Federal Regulations. *See* 8 C.F.R. § 274a.2(b)(1)(v)(A)(5).

The document is not rendered legally inadequate because it contains blank spaces and is made out of cardboard. The Arrival Record's blank spaces are not misleading in light of the document's specific language that makes clear that the bearer is a LPR. In fact, each of the named plaintiffs to whom it has been issued has secured employment with this document. In any event, as the defendants point out, a stamp that is placed onto the front of the document obliterates the two of these entries—"country where you live," and "address while in the United States"—to which Judge Nickerson objected most. As for the composition of the Temporary I–551, other documents that are acceptable evidence of status and employment authorization are made out of cardboard or a similar material. *See, e.g.,* 8 C.F.R. § 274a.2(b)(1)(v)(A)(2), (3) and (C)(1) (social security card, certificate of citizenship and certification of naturalization). Accordingly, we conclude that the Temporary I–551 created by using the Arrival Record is valid temporary proof of LPR status and unrestricted work authorization.

## CONCLUSION

The judgment of the district court is reversed and this case is remanded for further proceedings not inconsistent with this opinion.