In re PAYROLL EXPRESS CORPORATION, et al.,
Debtors.

John S. PEREIRA, Esq., as Chapter 11 Trustee of the Estate of Payroll Express Corporation, et al., Plaintiff,

v.

AETNA CASUALTY & SURETY COMPANY, Federal Insurance Company, Chubb Group of Insurance Companies, and Certain Underwriters at Lloyd's, London and Certain London Market Companies, Defendants.

No. 95 Civ. 4385 (SAS).

United States District Court, S.D. New York.

April 3, 1996.

---

Robert M. Horkovich, Roy Babitt, Michael J. Keane, Anderson Kill Olick & Oshinsky, P.C., New York City, for plaintiff Trustee John S. Pereira.

Alan M. Goldberg, Lambert Weiss & Pisano, New York City, for Defendant Aetna Casualty and Surety Company.

James M. McCullough, III, Sedgwick, Detert, Moran & Arnold, New York City, for Defendant Certain Underwriters at Lloyd's, London and Certain London Market Companies.

Clifford A. Katz, Platzer Fineberg & Swergold, New York City, for Defendant Lloyd's of London.

William R. Mait, Mait, Wang & Simmons, New York City, for Defendants Federal Insurance Company and Chubb Group of Insurance Companies.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

Defendants Certain Underwriter's at Lloyd's, London and Certain London Market Companies (the "London Defendants") move for reargument of the Court's determination that New Jersey law applies to Plaintiff's claims for bad faith failure to pay an insured's claim and punitive damages, or in the alternative, to certify the issue decided in this matter for appeal pursuant to 28 U.S.C. § 1292. For the reasons set forth below, the motion is denied.

### I. Background

Plaintiff John S. Pereira is the bankruptcy trustee of Payroll Express Corp. and Payroll Express Corp. of New York (jointly "Payroll Express"). Plaintiff seeks coverage under various employee dishonesty and commercial crime insurance policies purchased from Defendants. On December 1, 1995, I held that New Jersey law applies to Plaintiff's bad faith and punitive damages claims. *See* Transcript of Oral Argument ("Tr."), at 48. I subsequently denied the London Defendants' motion to dismiss those claims. *See* Opinion and Order, 95 Civ. 4385, January 23, 1996. Familiarity with the underlying facts of this dispute is assumed. *See id.*

### II. Legal Standard

Under Local Rule 3(j), a motion for reargument shall be granted "only if the moving party presents [factual] matters or controlling decisions the court overlooked that might materially have influenced its decision." *Morser v. AT & T Info. Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y.1989); *see also Violette v. Armonk Assocs., L.P.*, 823 F.Supp. 224, 226 (S.D.N.Y.1993). Rule 3(j) "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Ades v. Deloitte & Touche*, 843 F.Supp. 888, 890 (S.D.N.Y.1994). Under Local Rule 3(j), a party may not "advance new facts, issues, or arguments not previously presented to the Court." *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 768 F.Supp. 115, 116 (S.D.N.Y.1991). The decision to grant or deny a motion for reargument is within the sound discretion of the Court. *See Schaffer v. Soros*, 1994 WL 592891 (S.D.N.Y. Oct. 31, 1994).

### III. Discussion

The London Defendants assert four grounds for reargument.

#### A. The 1981 Payroll Express Decision

 The London Defendants contend that the Second Circuit has already determined that New York law should apply to the interpretation of the Aetna insurance policy in *Payroll Express Corp. v. Aetna Cas. & Sur. Co.*, 659 F.2d 285 (2d Cir.1981), and that *stare decisis* requires this Court to abide by that determination. This is simply wrong. While applying New York law in the 1981 *Payroll Express* case, the Court neither addressed nor decided a choice of law question. When an issue was not raised in the circuit court, a district court is not bound by the resulting decision. *See* 1B James W. Moore et al., *Moore's Federal Practice* ¶ 0.402[2] at I–27 (2d ed. 1995); *see also Sweeney v. Westvaco Co.*, 926 F.2d 29, 40 (1st Cir.) (circuit court does "not normally take Supreme Court opinions to contain holdings on matters the Court did not discuss and which, presumably, the parties did not argue"), *cert. denied*, 502 U.S. 899, 112 S.Ct. 274, 116 L.Ed.2d 226 (1991). The London Defendants have failed to offer any controlling decision contrary to this well settled principle of law.[1] Furthermore, the argument that *stare decisis* applies here was previously raised, considered, and rejected by this Court, *see* Tr. at 20–24, 49.

#### B. Judicial Estoppel

 In *Payroll Express Corp. v. Aetna Cas. & Sur. Co.*, 504 F.Supp. 383 (S.D.N.Y. 1980), Payroll Express asserted, and the Court found, that New York law should apply to the issue of whether Aetna could cancel an

---

1. *United States v. Jacobs*, 955 F.2d 7 (2d Cir. 1991), on which the London Defendants rely, merely states that a district court, on remand, must follow a determination made by the circuit court. *Jacobs* has no bearing on the present case.

insurance policy. *See* Exhibit C to Reply Memorandum in Support of London Defendants' Motion to Dismiss, at 23. The London Defendants argue that because Payroll Express took this position in 1980, Plaintiff is judicially estopped from urging that New Jersey law applies in this case. This Court has previously rejected this argument and now does so again.

■ The London Defendants' argument is predicated on the assumption that Payroll Express, if it were the plaintiff in this action, would be judicially estopped from contending that New Jersey law applies to this case. A party will only be judicially estopped where: 1) it argued an inconsistent position in a prior proceeding; and 2) this position was adopted by the court in some manner. *See Bates v. Long Island R. Co.*, 997 F.2d 1028, 1037–38 (2d Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 550, 126 L.Ed.2d 452 (1993). The issues and circumstances in the 1980 case and the present action are distinctly different.[2] It is thus far from clear that the two positions are inconsistent; therefore, the London Defendants' assumption is highly questionable.

■ Assuming that Payroll Express would be judicially estopped if it were the plaintiff in this action, it does not follow that judicial estoppel should apply to Payroll Express' trustee. The London Defendants contend that because a bankruptcy trustee is subject to all claims and defenses that might have been asserted against the debtor, *see Bank of Marin v. England,* 385 U.S. 99, 101, 87 S.Ct. 274, 276, 17 L.Ed.2d 197 (1966), Plaintiff must be judicially estopped. The fact that a trustee is subject to the claims and defenses that might have been asserted against the debtor, does not mean that those claims and defenses necessarily have the same effect as if they were asserted against the debtor. *See In re Fill,* 82 B.R. 200, 217 (Bankr. S.D.N.Y.1987) (*res judicata* will not bind bankruptcy trustee to pre-petition collusive default judgment by debtor); *In re Silver Mill Frozen Foods, Inc.,* 32 B.R. 783, 786 (Bankr.W.D.Mich.1983) (*res judicata* will not bind trustee where it would "defeat the proper and just objectives of the Bankruptcy Act"). As the trustee in bankruptcy is distinct from the pre-petition debtor, the trustee should not be foreclosed from asserting his position. *See In re Fill,* 82 B.R. at 216–17 (trustee and debtor are not the same party for purposes of *res judicata* as interests of creditors were not considered in the prior proceeding).

Finally, none of the purposes of judicial estoppel would be furthered by preventing Plaintiff from arguing that New Jersey law applies in this action. The objectives of judicial estoppel are: 1) to preserve the sanctity of the oath by demanding truth and consistency in all sworn positions; and 2) to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings. *See Bates,* 997 F.2d at 1037–38. Plaintiff has not signed any oaths asserting a position contrary to the one he takes here. Furthermore, the result of this litigation will not be inconsistent with the determination in the earlier case that the Aetna policy could not be cancelled.

## C. New York Choice of Law Rules

■ The London Defendants next assert that this Court applied Pennsylvania and Illinois rather than New York choice of law rules. The London Defendants argue that while Pennsylvania and Illinois courts apply a contract choice of law analysis to both tort

---

**2.** In the 1980 case, the issue was whether a letter endorsement which stated that the policy would continue for as long as the insured paid the premiums was enforceable. The letter endorsement and the insurance policy were both drafted and executed in New York. Payroll Express represented that the vast majority of potential losses and clients were in New York. Payroll Express contended that New York choice of law rules required the court to apply the law of "the jurisdiction having the greatest interest in the litigation," and that this was New York.

In the present action, Plaintiff claims that losses due to the illegal activities of Robert Felzenberg and employees of Payroll Express were covered by Defendants' insurance policies. Payroll Express' headquarters were in New Jersey and the illegal activities in question primarily took place in New Jersey. Plaintiff argues that New York choice of law rules require the Court to apply the law of the state which was the "principal location of the insured risk," and that this is New Jersey.

and breach of contract claims, New York courts analyze such claims independently for choice of law purposes. Thus, the London Defendants conclude that the Court must apply a tort choice of law analysis to Plaintiff's claims. This argument evidences a misunderstanding by the London Defendants. The Court did not apply a contract choice of law analysis to a tort claim. Rather, the Court first addressed whether Plaintiff's bad faith and punitive damages claims are considered tort or contract claims.

Different jurisdictions disagree as to the appropriate classification of these claims. *See generally Pickett v. Lloyd's*, 131 N.J. 457, 469–70, 621 A.2d 445 (1993). In New Jersey, a bad faith claim is "best understood as one that sounds in contract." · *Id.* at 470, 621 A.2d 445. A plaintiff who is successful in proving bad faith is entitled to compensatory damages while punitive damages are recoverable where defendant's conduct is wantonly reckless or malicious. *Id.* at 475–76, 621 A.2d 445.

In New York, the London Defendants' duty to act in good faith is controlled by the implied covenant of good faith and fair dealing found in every contract. *See New York University v. Continental Ins. Co.*, 87 N.Y.2d 308, 317–20, 639 N.Y.S.2d 283, 288–90, 662 N.E.2d 763 (1995) (dismissing insured's claim that insurer recklessly and vindictively failed to adequately investigate and failed to pay the claim as duplicative of breach of contract claim). Plaintiff may recover punitive dam-

ages for breach of the insurance contracts under the standards set forth in *Rocanova v. Equitable Life Assurance Soc. of U.S.*, 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 634 N.E.2d 940 (1994).[3] Thus, under New York law, Plaintiff's claim is best characterized as seeking an exemplary remedy for breach of contract.[4] *See New York University*, 87 N.Y.2d at 315–16, 639 N.Y.S.2d at 286–87, 662 N.E.2d 763.

Both New York and New Jersey law support the conclusion that the bad faith and punitive damages claims must be considered together with the breach of contract claim for choice of law purposes. Accordingly, the Court did not apply New York's choice of law rule for tort actions. The London Defendants cite no controlling decisions to the contrary.

### D. Application of Forum's Choice of Law Rule

■ New York's choice of law rule governing insurance agreements is to apply " 'the local law of the state which the parties understood was to be the principal location of the insured risk ... unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties.' "[5] *Zurich Ins. Co. v. Shearson Lehman Hutton, Inc.*, 84 N.Y.2d 309, 318, 618 N.Y.S.2d 609, 642 N.E.2d 1065 (1994) (quoting *Restatement (Second) of Conflict of Laws* § 193 (1971)).[6]

---

3. Damages for a first party claim by an insured against its own insurer are generally limited to the face amount of the policy, plus appropriate interest. *See Samovar of Russia Jewelry Antique Corp. v. Generali*, 102 A.D.2d 279, 476 N.Y.S.2d 869, 871 (1st Dep't 1984). One of the elements plaintiff must prove to recover punitive damages is "egregious tortious conduct." *Rocanova*, 83 N.Y.2d at 613, 612 N.Y.S.2d at 343, 634 N.E.2d 940. The fact that tortious conduct must be proved, however, does not change the fact that this claim "arises from a breach of contract." *New York University*, 87 N.Y.2d at 316, 639 N.Y.S.2d at 287, 662 N.E.2d 763.

4. When the Court was considering the London Defendants' motion to dismiss the bad faith claim, the London Defendants, relying on *New York University*, argued that Plaintiff's claim sounds in contract. They contended that Plaintiff's pleadings do "not transform a breach of

contract action into a tort action." *See* Letter from James McCullough to the Court, Jan. 2, 1996, at 3. Now, on the other hand, the London Defendants argue at length that the bad faith claim is a tort and that the Court should apply tort choice of law rules. *See* Lon.Mem. at 10–13.

5. Although the Court is applying New York's choice or law rule for insurance agreements to Plaintiff's bad faith claim, the Court makes no determination as to which state's law applies to Plaintiff's breach of contract claim.

6. Where the insurance policy covers multiple risks which may occur in different states (here, thefts from armored cars and thefts by employees), the *Restatement* suggests a methodology to determine "the state which the parties understood was to be the principal location of the insured risk." First, the court should act as if each risk were covered by a separate policy. *See*

██ The London Defendants claim that the Court overlooked several controlling factual submissions when it decided that the principal location of the insured risk was New Jersey. The London Defendants make seven factual assertions, *see* Lon.Mem. at 14, all of which were originally considered by the Court. The London Defendants also submit a new affidavit from Robert Felzenberg. Upon a motion to reargue, a party may not file affidavits unless directed to do so by the court. *See* Local Rule 3(j). As the Court has not directed the filing of this affidavit, it will be disregarded.

## IV. Certification

██ The London Defendants request certification of this issue for appeal pursuant to 28 U.S.C. § 1292 in the event that the Court denies their motion for reargument. The London Defendants present no discussion of why certification is appropriate.

 Certification may be granted in the discretion of the district court where an order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. 1292(b) (1993). Certification is only justified in exceptional circumstances. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990). A question of law is controlling if reversal of the district court's order would terminate the action. *See id.* at 24. This is not the case here. A question of law may also be controlling if it substantially affects a large number of cases. *See Genentech, Inc. v. Novo Nordisk A/S*, 907 F.Supp. 97 (S.D.N.Y.1995). There is, however, no evidence before the Court which suggests that this issue will have such an effect. Furthermore, as the breach of contract claims will continue regardless of the disposition of this issue, certification would not materially advance the termination of this litigation. Accordingly, the London Defendants request is denied.

*Restatement (Second) of Conflict of Laws* § 193 cmt. f (1971). Then, the court must determine the principal location of the insured risk with

## V. Conclusion

For the reasons stated above, the London Defendants' motion is denied in its entirety.

SO ORDERED.

regard to the "policy" that applies to the particular dispute. *See id.*