**CBS BROADCASTING INC.,**
**et al., Plaintiffs,**

v.

**ECHOSTAR COMMUNICATIONS**
**CORPORATION, et al.,**
**Defendants.**

**No. 98–2651 DIV.**

United States District Court,
S.D. Florida.

Oct. 20, 2006.

Order Denying Modification
Nov. 21, 2006.

John F. O'Sullivan of Hogan & Hartson LLP was counsel for plaintiff, Fox Broadcasting Company.

Wade H. Hargrove and David Kushner of Brooks, Pierce, McLendon, Humphrey & Leonard, LLP and David M. Rogero of David M. Rogero, P.A., were counsel for the plaintiffs, ABC Television Affiliates Association, CBS Television Network Affiliates Association, FBC Television Affiliates Association, and NBC Television Affiliates.

Neil K. Roman and Gerard J. Waldron of Covington & Burling were counsel for CBS Television Network Affiliates Association and NBC Television Affiliates.

Cynthia A. Ricketts, Mark A. Nadeau, Mitchell W. Fleischmann, and Robert C.L. Vaughan of Squire, Sanders & Dempsey LLP, and T. Wade Welch of T. Wade Welch & Associates were counsel for the defendants, EchoStar Communications Corporation, EchoStar Satellite Corporation, Satellite Communications Operating Corporation, and DirectSat Corporation.

### ORDER GRANTING MOTION FOR ENTRY OF INJUNCTION; AND DENYING JOINT STIPULATION TO ENTER CONSENT JUDGMENT AND APPROVE SETTLEMENT AGREEMENT

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Fox Broadcasting Company's Motion for Entry of Injunction [DE–1000], and the ABC Television Affiliates Association, CBS Television Network Affiliates Association, FBC Television Affiliates Association, NBC Television Affiliates, and Echostar Communications Corp.'s Joint Stipulation to Enter Consent Judgment and Approve Settlement Agreement [DE–1008]. The Court construes the Joint Stipulation as a Motion to Approve Settlement Agreement. The Court has carefully consider the Motions, Echostar's Opposition to Plaintiff's Motion for Entry of Injunction [DE–1007], the Affiliate Associations' Opposition to Fox's Motion for Entry of Injunction and Response to Order to Show Cause [DE–1009], Fox Broadcasting Company's Response in Opposition to the Joint Stipulation and Motion to Approve Settlement Agreement [DE–1013], Echostar's Reply in Support of its Joint Stipulation and Motion [DE–1015], the Affiliate Associations' Reply to Fox's Opposition [DE–1016], Fox Broadcasting Company's Reply in Support of its Motion [DE–1014], and all

documents and exhibits filed in support of the instant Motions, and is otherwise fully advised in the premises.

## I. *Background*

Plaintiffs, including network stations CBS Broadcasting, Inc. ("CBS"), Fox Broadcasting Company ("Fox"), ABC, Inc. ("ABC"), National Broadcasting Co. ("NBC") and network affiliate associations ABC Television Affiliates Association, CBS Television Network Affiliates Association, FBC Television Association, and NBC Affiliates Association (collectively "the Affiliate Associations") brought this copyright infringement action in November 5, 1998 seeking injunctive relief pursuant to 17 U.S.C. § 502 and § 119(a)(5)(B).[1] Plaintiffs claimed that Defendant EchoStar Communications Corporation's ("Echostar") retransmission via satellite of copyrighted programming owned by Plaintiffs violated Plaintiffs' copyright in their network television broadcasts. The principal issue is in this action was whether EchoStar's actions violated the Satellite Home Viewer Act of 1988 ("SHVA"), Pub.L. No. 100–667, tit. II, 102 Stat. 2935 (codified as amended at 17 U.S.C. § 119), as amended by the Satellite Home Viewer Improvement Act of 1999 ("SHVIA") (collectively "the Act"), which grants a limited statutory license to satellite carriers transmitting distant network signals to private homes if the subscribers are "unserved households." 17 U.S.C. § 119(a)(2)(A), (B).

Following a bench trial in April 2003, this Court found that Echostar had not satisfied its burden of proving that its subscribers receiving transmission of distant network programming were "unserved households" and concluded that Echostar had violated the Act. The Court found that Echostar's violations were "willful or repeated" but the Court denied the Plaintiff's request for entry of a permanent injunction against Echostar enjoining any use of the Act's statutory license for distant network programming. Instead, the Court entered a more narrow permanent injunction requiring Echostar to utilize a different method for determining whether households were unserved within the meaning of the Act.

Echostar appealed the Court's entry of a permanent injunction and Plaintiffs cross-appealed arguing that the Court was required as a matter of law to permanently enjoin Echostar from using the Act's statutory license to transmit signals to unserved households. The Court of Appeals for the Eleventh Circuit affirmed the Court in part, and reversed in part finding that Echostar engaged in a "pattern or practice" of violations, and remanding the case to this Court "for the entry of a nationwide permanent injunction as mandated by the Act." *CBS Broad. v. EchoStar Commc'ns,* 450 F.3d 505, 527 (11th Cir.2006) (hereinafter "Echostar II"). The Eleventh Circuit issued its mandate directing this Court to enter a nationwide permanent injunction on August 15, 2006. On August 25, 2006, Echostar and the Affiliate Associations filed a Notice of Settlement between those parties. On August 31, 2005, Fox filed the instant Motion for entry of a nationwide permanent injunction pursuant to the Eleventh Circuit's mandate. Echostar and the Affiliate Associations oppose Fox's Motion and filed a Joint Stipulation to Enter Consent Judgment and Approve Settlement Agreement, requesting that the Court approve the proposed settlement and consent judgment between Echostar and the Affiliate Associations.

---

1. CBS was dismissed from this action pursuant to a stipulation for dismissal on April 15, 2002. [DE–237]. NBC was dismissed from this action pursuant to a stipulation for dismissal on November 25, 2002. [DE–400].

## II. *Discussion*

Echostar and the Affiliates argue that the Court should grant their Motion and enter the proposed consent judgment and deny Fox's Motion for entry of a nationwide permanent injunction. Echostar and the Affiliate Associations assert two general arguments why the Court should deny Fox's motion. First, the parties argue that Fox lacks standing to seek the requested relief because the Act applies not to network stations, rather than networks themselves, and because Fox abandoned its cross-appeal before the Eleventh Circuit thereby waiving its right to seek entry of a nationwide permanent injunction. Second, the Settling Parties argue that, even if Fox does have standing, the injunction that Fox seeks is overly broad and that given the changed circumstances in this case, the Court has discretion to enter more narrow relief. Additionally, Echostar argues that entry of a nationwide permanent injunction would cause manifest injustice to the parties and Echostar's customers.

### A. Fox's Standing to Seek Entry of Injunction

The Settling Parties contend that Fox does not have standing to move the Court to enter a nationwide permanent injunction. First, they argue that section 119 applies only to network stations, not to the networks, because the remedy provided for under the Act—injunctive relief-is meant to address the harm to the stations. Thus, only the stations themselves have standing to seek the statutory remedy. The Settling Parties also argue that Fox lacks standing because it abandoned its cross-appeal to the Eleventh Circuit on the issue of whether this Court was required to enter a nationwide permanent injunction. The Court finds these arguments unpersuasive. Ultimately, whether Fox has standing is irrelevant to the Court's implementation of the appellate court's mandate; the Court has an obligation to implement the mandate issued by the Eleventh Circuit even without the request of any party.

■■■ "When an appellate court issues a clear and precise mandate ... the district court is obligated to follow the instruction." *Litman v. Mass. Mut. Life Ins. Co.*, 825 F.2d 1506, 1516 (11th Cir. 1987) (en banc). A district court is not free to ignore the law of the case and reinterpret or circumvent an appellate court's mandate where that mandate is specific and unambiguous. *Id.* at 1512, 1516. Moreover, the Court has a duty to carry out the mandate even without the application of a prevailing party. *Thornton v. Carter*, 109 F.2d 316, 321 (8th Cir. 1940) (stating that prevailing party was entitled to entry of appellate court's decree without any application or motion on her part). Therefore, the Settling Parties' argument regarding Fox's standing to request implementation of the appellate court's mandate are unavailing.

### 2. Court's Discretion to Review or Alter Mandate

The Settling Parties also contend that the Eleventh Circuit's mandate does not require entry of a nationwide injunction and that changed circumstances exist that require the Court to review that mandate's nature and determine whether entry of such an injunction is still appropriate. The Affiliate Associations and Echostar argue that the Eleventh Circuit's mandate does not require entry of a nationwide injunction; rather, the Court has the discretion to impose a narrowed injunction applying only to Fox's local markets and to enter the proposed consent judgment. Additionally, the parties contend that the settlement between the Affiliate Associations and Echostar constitutes changed

circumstances that create an exception to the law of the case. This Court disagrees.

■ The Eleventh Circuit's mandate and opinion in *EchoStar II* constitute the law of the case and govern the rights and obligations of the parties in it. *See Litman*, 825 F.2d at 1514. This Court has an obligation to follow the law of the case and implement that mandate and "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *Id.* at 1511 (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414 (1895)). A successful appellant cannot attempt to modify the mandate of the appellate court by its own unilateral action, and "even at the joint request of the litigants, the district court may not deviate from the mandate of an appellate court." *Id.* at 1515–16 (quoting *Atsa of California, Inc. v. Continental Insurance Co.*, 754 F.2d 1394, 1396 (9th Cir.1985)). The law in this circuit is clear that this Court does not have discretion to review or alter the Eleventh Circuit's mandate nor can it limit the scope of the injunction required by both the court's mandate and the Act pursuant to which this action was brought.

■ Here, the Eleventh Circuit's mandate is clear and unambiguous, requiring this Court to enter "a nationwide permanent injunction *as mandated by the Act.*" *EchoStar II*, 450 F.3d at 527 (emphasis added). Reviewing this Court's factual findings, the appellate court concluded that Echostar had engaged in a "pattern or practice" of violating the Act, stating that the Defendant seemed to have violated the Act "in every way imaginable." *Id.* at 526. The court went on to conclude that because it reached the "unavoidable conclusion" that Echostar engaged in a pattern or practice of violating the SHVA, this Court is "required to issue a nationwide permanent injunction barring the provision of distant network programming pursuant to the Act's statutory license." *Id.* at 527.

Where a pattern or practice of violations is found, the Act's remedial provision mandates entry of a permanent injunction in scope determined by the scope of the violations. As the Eleventh Circuit noted, the statute contemplates both mandatory and discretionary relief, providing that "the court *shall* enter a permanent injunction" where as "the court *may* order statutory damages" where a pattern of violations exists. *Id.* (citing 17 U.S.C. § 119(a)(7)(B)(I)) (emphasis added). Because the Eleventh Circuit found that Echostar engaged in a "pattern or practice" of SHVA violations, the Court is required, by statute, to enter a permanent injunction and does not have discretion to enter the parties' consent judgment in place of carrying out the mandate.

Nor does the Court have discretion to alter the scope of the required injunction. Under § 119(a)(7)(B)(I), "if the pattern or practice has been carried out on a substantially nationwide basis, the court shall order a permanent injunction barring the secondary transmission by the satellite carrier, for private home viewing, of the primary transmissions of any primary network station affiliated with the same network." The Eleventh Circuit explained that this Court's findings of fact dealt with subscribers throughout the United States. Therefore, Echostar's violations occurred "on a substantially nationwide basis" triggering section 119(a)(7)(B)(I) and requiring entry of a nationwide injunction. *EchoStar II*, 450 F.3d at 523 n. 30. Accordingly, pursuant to both 17 U.S.C. § 119(a)(7)(B) and the Eleventh Circuit's mandate in *EchoStar II*, this Court is required to enter a nationwide

permanent injunction based on pattern or practice of violations of the Act, and has no discretion to alter the mandate.

■ The Settling Parties contend that their settlement constitutes changed circumstances giving the Court discretion to review the appellate court's mandate. An appellate decision is binding as the law of the case "unless the presentation of new evidence or an intervening change in the controlling law dictates a different result ..." *Litman*, 825 F.2d at 1510. The Court finds that this exception to the law of the case doctrine does not apply here. The parties' settlement agreement does not present "new evidence or an intervening change in controlling law" that requires this Court to interpret the mandate. The proposed settlement does not alter any fact or law necessary to the Eleventh Circuit's finding that Echostar engaged in a pattern or practice of violations of the Act that would permit this Court deviate from the law of the case. Moreover, as noted above, the Eleventh Circuit expressly considered the mandatory nature of the remedy provided under § 119(a)(7)(B) and concluded that the Court has *"no discretion* in its choice of remedy for a 'pattern or practice' of violations." *EchoStar II*, 450 F.3d at 512 (emphasis added).[2]

### 3.  Manifest Injustice

■ In addition to the presentation of new evidence or a change in controlling law, an exception to the law of the case doctrine exists where "the appellate decision is clearly erroneous, and, if implemented, would work a manifest injustice." *Litman*, 825 F.2d at 1510. Echostar and the Affiliate Associations argue that entry

of a nationwide permanent injunction would work a manifest injustice both to Echostar's customers and to the Settling Parties. The parties have identified no clear error in the Eleventh Circuit's opinion in *EchoStar II*, however. The entry of a nationwide permanent injunction based on the finding of a "pattern or practice" of SHVA violations occurring throughout the United States is neither clearly erroneous nor contrary to law. Rather, such an outcome is expressly required by the Act. *See* 17 U.S.C. § 119(a)(7)(B).

Congress provided for a specific, mandatory remedy to violations of the SHVA which requires termination of a satellite carrier statutory license if that carrier violates the Act. *See* H.R. Conf. Rep. No. 106–464, at 94 (1999) ("The section 122 license contains remedial provisions parallel to those of Section 119, including a 'pattern or practice' provision that requires termination of the Section 122 statutory license as to a particular satellite carrier if it engages in certain abuses of the license."). The Eleventh Circuit found that Echostar violated the Act "in every way imaginable" *EchoStar II*, 450 F.3d at 526, and this Court does not find that manifest injustice will result from this Court entering the specific remedy required by statute for such violations.

### III.  Conclusion

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.  Echostar and the Affiliate Associations' Joint Stipulation to Enter Consent Judgment and Approve Settlement Agreement [DE–1008] is hereby **DENIED.**

---

2.  Additionally, the Court finds some merit in Fox's concerns regarding the complexity of the proposed settlement agreement that Echostar and the Affiliate Associations ask this Court to oversee.  After nearly eight years of protracted litigation before this Court and the Court of Appeals, with the conclusion of this

case at hand, Echostar and the Affiliate Associations now ask the Court to veer down a new path that might spawn a whole new set of issues, leading to even more protracted litigation for what skeptics might say is Echostar's attempt to buy its way out of an adverse judgment.

2. Fox Broadcasting Company's Motion for Entry of Injunction [DE–1000] is hereby **GRANTED**; an Order entering a permanent injunction will be entered separately.

3. Defendant's Request for Hearing [DE–1007] is hereby **DENIED**.

### *ORDER DENYING MOTION FOR MODIFICATION; GRANTING SUPPLEMENTAL MOTION FOR EXPEDITED CONSIDERATION; AND DENYING, AS MOOT, PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY*

THIS CAUSE is before the Court upon Echostar's Motion for Modification of the Court's October 20, 2006 Order of Permanent Injunction [DE–1023], Echostar's Supplemental Motion for Expedited Consideration [DE–1030], and Plaintiffs' Motion for Leave to File Surreply [DE–1064]. The Court has carefully considered the Motions, the Affiliate Associations' Response in Opposition to the Motion for Modification [DE–1027], Fox Broadcasting Company's Opposition to the Motion to Modify [DE–1028], Echostar's Sealed Corrected Reply [1], filed herein on November 20, 2006, and is otherwise fully advised in the premises.

Defendant Echostar filed the instant Motion for Modification seeking an extension of time to comply with the Court's October 20, 2006 Order of Permanent Injunction [DE–1020], which set an effective date for entry of the injunction of December 1, 2006. Both the Affiliate Associations and Fox Broadcasting Company ("Fox") oppose the instant motion.

The Court has carefully considered the Motion for Modification and does not find sufficient cause to modify the October 20, 2006 Order of Permanent Injunction or extend the effective date. Echostar has been aware since May 23, 2006, when the Court of Appeals for the Eleventh Circuit issued its Opinion remanding the case for entry of a nationwide permanent injunction, that such an injunction would likely be entered, and should have prepared for the contingency that a settlement agreement would not resolve the impending injunction. The time to prepare for such an outcome was months ago, when Echostar first learned of the likelihood of entry of a nationwide injunction, not weeks before the injunction would take effect. Moreover, this Court could have entered its injunction on August 18, 2006 upon receipt of the Eleventh Circuit's mandate but delayed entry in order to consider the issues raised by the parties in their Joint Stipulation to Enter Consent Judgment and Approve Settlement Agreement, and then on October 20, 2006 instead of imposing the injunction immediately, gave Echostar until December 1, 2006 before the injunction would become effective. Therefore, no further extension of time is warranted. Any unfortunate interruption of service to Echostar's clients continues to be the responsibility of Echostar.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Echostar's Motion for Modification of the Court's October 20, 2006 Order of Permanent Injunction, filed herein on November 3, 2006 [DE–1023], is hereby **DENIED**.

2. Echostar's Motion for Expedited Consideration [DE–1030] is hereby **DENIED AS MOOT.**[2]

---

1. Echostar files its Reply under seal, contending that the Court's April 15, 2002 Protective Order [DE–236] provides a basis for preventing public access to this document. The Court will require by separate Order that Echostar show cause why the Reply should remain sealed from the public's access.

2. The Court notes that although Echostar moved this Court to expedite its ruling on the Motion for Modification, it originally filed its

3. Plaintiffs' Motion for Leave to File Surreply [DE–1064] is hereby **DENIED AS MOOT.**

sealed Reply to the Motion for Modification in the Miami Division, contrary to Southern District of Florida Local Rule 5.1(B), thereby further delaying the Court's receiving and ruling on the Motion.